**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **DANYAL SHAIKH,** | § | |
| *Plaintiff,* | § | |
| | § | |
| **v.** | § | **Civil Action No. 4:16-CV-00591** |
| | § | |
| **TEXAS A&M UNIVERSITY** | § | |
| **COLLEGE OF MEDICINE and** | § | |
| **MICHAEL K. YOUNG.** | § | |
| *Defendants.* | § | |

## DEFENDANTS' MOTION TO DISMISS

KEN PAXTON
Attorney General of Texas

JEFFREY C. MATEER
First Assistant Attorney General

JAMES E. DAVIS
Deputy Attorney General for Defense Litigation

ANGELA V. COLMENERO
Division Chief - General Litigation

ERIC A. HUDSON
Attorney-in-Charge
Assistant Attorney General
Texas Bar No. 1000759
Southern District ID No. 1000759
Office of the Attorney General
P.O. Box 12548, Capitol Station
Austin, Texas 78711-2548
Phone (512) 463-2120
Fax (512) 320-0667
eric.hudson@texasattorneygeneral.gov

ATTORNEYS FOR DEFENDANTS

i

# TABLE OF CONTENTS

TABLE OF CONTENTS ........................................................................................... ii

TABLE OF AUTHORITIES ................................................................................... iv

INTRODUCTION ....................................................................................................... 1

I.   Standard of review for Fed. R. Civ. P. 12(b)(1) & (6) ......................................... 2

   a.   Federal Rule of Civil Procedure 12(b)(1). ..................................................... 2

   b.   Federal Rule of Civil Procedure 12(b)(6). ..................................................... 3

II.   Plaintiff's claims against Texas A&M University Medical School are barred by
    sovereign immunity. ............................................................................................... 4

   a.   Plaintiff's claim raised under the Americans with Disabilities Act is barred
    by sovereign immunity. .......................................................................................... 4

   b.   The Eleventh Amendment bars Plaintiff's claims against TAMU under 42
    U.S.C. § 1983 ........................................................................................................ 11

      i.   The Texas Legislature has not waived sovereign immunity for 42 U.S.C. §
      1983 claims .................................................................................................... 11

      ii.   Alternatively, Defendants are not suable persons under § 1983. ............. 12

   c.   The Eleventh Amendment bars Plaintiff's claims against Defendants under
    the Texas Tort Claims Act .................................................................................... 13

   d.   By filing this Motion, Defendant TAMU moves for dismissal of all state tort
    law claims against Michael K. Young; dismissal is mandatory pursuant to Tex.
    Civ. Prac. & Rem. Code § 101.106(e). ................................................................. 14

III.   Plaintiff failed to state a claim under Section 504 of the Rehabilitation Act of
    1973 ......................................................................................................................... 15

IV.   Plaintiff's cause of action for damage to reputation fails to state a claim for
    which relief may be granted. ................................................................................. 16

V.   Plaintiff's cause of action for injunctive relief does not state a claim for which
    relief may be granted. ........................................................................................... 17

VI.   Alternatively, Michael K. Young is entitled to qualified immunity. .............. 18

CONCLUSION..................................................................................................... 20

CERTIFICATE OF SERVICE.................................................................................... 22

# TABLE OF AUTHORITIES

## Cases

*Alden v. Maine*, 527 U.S. 706 (1999) ............................................................. 4

*Anderson v. Creighton*, 483 U.S. 635 (1987) ........................................ 18, 19

*Ashcroft v. Iqbal*, 129 S.Ct. 1937 (2009) ......................................................... 3

*Atteberry v. Nocona Gen. Hosp.*, 430 F.3d 245 (5th Cir. 2005) ................................ 19

*Bd. of Curators of the Univ. of Mo. v. Horowitz*, 435 U.S. 78 (1978) .......................... 7

*Bd. of Trustees of Univ. of Ala. v. Garrett*, 531 U.S. 356 (2001) ................................. 6

*Behrens v. Pelletier*, 516 U.S. 299 (1996) ..................................................... 19

*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) ..................................... 3

*Clark v. Livingston*, Civ. A. No. C-08-045, 2008 WL 461344, at *3-4
(S.D. Tex. July 1, 2008) ............................................................................ 5

*Cleveland Bd. of Educ. V. Loudermill*, 470 U.S. 532 (1985) ...................................... 8

*Cooper v. Litton Loan Servicing, LP,* 325 S.W.4d 766 (Tex.App.—Dallas 2010, pet.
denied) ....................................................................................................... 18

*Coury v. Prot*, 85 F.3d 244 (5th Cir. 1996) .................................................. 2

*Davis v. Scherer*, 468 U.S. 183, 196 (1984) ................................................ 19

*Etan Industries, Inc. v. Lehmann*, 359 S.W.3d 620 (Tex.2011) ................................. 17

*Fisher v. Univ. of Tex. at Austin*, 631 F.3d 213 (5th Cir. 2011) ................................. 7

*Franka v. Velasquez*, 332 S.W.3d 367 (Tex.2011) .......................................... 15

*Grutter v. Bollinger*, 539 U.S. 306 (2003) .................................................. 7

*Hale v. King*, 624 F.3d 178 (5th Cir. 2010) ................................................. 6

*Harlow v. Fitzgerald*, 457 U.S. 800 (1982) ................................................. 18

*Hartford Ins. Group v. Lou-Con, Inc.*, 293 F.3d 908 (5th Cir. 2002) .......................... 2

*Henke v. ARCO Midcon, L.L.C.*, 750 F.Supp.2d 1052 (E.D. Mo. 2010) ..................... 17

*Hobbs v. Hawkins*, 968 F.2d 471 (5th Cir. 1992) ........................................................ 2

*Home Builders Ass'n. v. City of Madison*, 143 F.3d 1006 (5th Cir. 1998) .................. 2

*Howery v. Allstate Ins. Co.*, 243 F.3d 912 (5th Cir. 2001) ........................................... 2

*Hughes v. The Tobacco Inst., Inc.*, 278 F.3d 417 (5th Cir. 2001) ................................ 3

*Hunter v. Bryant*, 502 U.S. 224, 227 (1991) ......................................................... 18, 19

*In re Katrina Canal Breaches Litig.*, 495 F.3d 191 (5th Cir. 2007) ............................ 3

*Jensen v. Quality Loan Serv. Corp.*, 702 F. Supp. 2d 1183 (E.D. Cal. 2010) ............. 17

*Kentucky v. Graham*, 473 U.S. 159 (1985) ................................................................. 13

*Lewis v. University of Texas Medical Branch at Galveston*, 665 F.3d 625
    (5th Cir. 2011) ......................................................................................................... 11

*Malley v. Briggs*, 475 U.S. 335 (1986) ....................................................................... 18

*Martin K. Eby Constr. Co. v. Dallas Area Rapid Transit*, 369 F.3d 464
    (5th Cir. 2004) .......................................................................................................... 3

*McClendon v. City of Columbia*, 305 F.3d 314 (5th Cir. 2002) ................................. 20

*Mitchell v. Forsyth*, 472 U.S. 511 (1985) ................................................................... 18

*Morgan v. Swanson*, 659 F.3d 359 (5th Cir. 2011) .................................................... 19

*Pace v. Bogalusa City Sch. Bd.*, 403 F.3d 272 (5th Cir. 2005) .................................... 7

*Paul v. Davis*, 424 U.S. 693 (1976) ............................................................................ 10

*Pearson v. Callahan*, 555 U.S. 223 (2009) ................................................................. 19

*Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89 (1984) ............................ 11

*Perez v. Tex. Med. Bd.*, 556 Fed. Appx. 341 (5th Cir. Feb. 21, 2014) ......................... 2

*Phelps v. Washburn Univ. of Topeka*, 632 F.Supp. 455 (D. Kan. 1986) ................... 10

*Plan Pros, Inc. v. Zych*, No. 8:08CV125, 2009 WL 928867, at *2 (D. Neb. Mar. 31, 2009) ........................................................................... 17

*Raj v. La. State Univ.*, 714 F.3d 322 (5th Cir. 2013) ................................................... 11

*Ramos v. Texas Tech Univ.*, 441 F.Supp. 1050 (N.D. Tex. 1977), *aff'd* 566 F.2d 573 (5th Cir. 1978) ............................................................................... 9, 10

*Reickenbacker v. Foster*, 274 F.3d 974 (5th Cir. 2001) ........................................ 5, 7, 8

*Selman v. Harvard Med. Sch.*, 494 F.Supp. 603 (S.D.N.Y. 1980), *aff'd* 636 F.2d 1204 (2nd Cir. 1980) .................................................................................... 10

*Shiswinski v. Peterson*, 98 F.3d 849 (5th Cir. 1996) ................................................ 13

*Shurb v. University of Texas Health Science Center at Houston—School of Medicine*, 63 F.Supp.3d 700 (S.D. Tex. Oct. 24, 2014) ........................................... 16

*Siegert v. Gilley*, 500 U.S. 226 (1991) ...................................................................... 10

*Simmang v. Texas Bd. of Law Examiners*, 346 F.Supp.2d 874 (W.D. Tex. 2004)... 7, 8

*Sims v. Tex. Dept. of Houston and Comm. Affairs*, Civ. A. No. H-07-CV-4511, 2008 WL 4552784, at *1 (S.D. Tex. Oct. 7, 2008) ............................................. 8

*Tennessee v. Lane*, 541 U.S. 509 (2004) ............................................................. 5, 7, 8

*Texas A&M University System v. Koseoglu*, 233 S.W.3d 835 (Tex.2007) .................. 11

*Unger v. Nat'l. Residents Matching Program*, 928 F.2d 1392 (3rd Cir. 1991)............. 9

*United States ex rel. Foulds v. Texas Tech University*, 171 F.3d 279 (5th Cir. 1999) . 4

*United States v. Georgia*, 546 U.S. 151 (2006) ........................................................ 5, 6

*Voluntary Purchasing Groups, Inc. v. Reilly*, 889 F.2d 1380 (5th Cir. 1989)............. 2

*Walker v. Livingston*, 381 Fed. Appx. 477 (5th Cir. 2010) ........................................ 19

*Will v. Mich. Dep't of State Police*, 491 U.S. 58 (1989) ........................................ 12, 13

*Wyatt v. Fletcher*, 718 F.3d 496 (5th Cir. 2013) ....................................................... 19

*Zaragoza v. Dallas County*, Civ. A. No. 3:07-CV-1704-K, 2009 WL 2030436, at *12 (N.D. Tex. July 13, 2009) ............................................................... 8, 11

**Statutes**

29 U.S.C. § 794(a) ................................................................................... 16

42 U.S.C. § 1983.............................................................................. 1, 11, 12, 13

Tex. Educ. Code §§ 86.02; 61.003 (Vernon 2002) ...................................... 4

**Rules**

Fed. R. Civ. P. 12(b)(1)............................................................................ 2, 13

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHISN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **DANYAL SHAIKH,** | § | |
| *Plaintiff,* | § | |
| | § | |
| **v.** | § | **Civil Action No. 4:16-CV-00591** |
| | § | |
| **TEXAS A&M UNIVERSITY** | § | |
| **COLLEGE OF MEDICINE and** | § | |
| **MICHAEL K. YOUNG.** | § | |
| *Defendants.* | § | |

## DEFENDANTS' MOTION TO DISMISS

TO THE HONORABLE JUDGE LYNN N. HUGHES:

NOW INTO COURT, through undersigned counsel, comes Defendant Texas A&M University College of Medicine and Michael K. Young, in his official and individual capacities, (*hereinafter collectively* "Defendant" or "TAMU"), and present this their Motion to Dismiss pursuant to Federal Rules of Civil Procedure 12(b)(1) and (6). In support hereof, Defendant shows as follows:

### INTRODUCTION

Plaintiff filed his Original Complaint (ECF No. 1) on March 7, 2016. Plaintiff alleges causes of action under the Americans with Disabilities Act of 1990, Section 504 of the Rehabilitation Act of 1973, 42 U.S.C. § 1983, and a cause of action for damage to reputation and a cause of action for injunctive relief. As discussed at length below, each of the aforementioned claims must be dismissed.

1

I.      **Standard of review for Fed. R. Civ. P. 12(b)(1) & (6).**

**Federal Rule of Civil Procedure 12(b)(1).**

Federal Rule of Civil Procedure 12(b)(1) authorizes a federal court to dismiss a claim for lack of subject-matter jurisdiction. "A case is properly dismissed for lack of subject-matter jurisdiction when a court lacks statutory or constitutional power to adjudicate the case." *Home Builders Ass'n. v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir. 1998) (citation omitted). The party seeking to invoke the Court's subject-matter jurisdiction has the burden of establishing that such jurisdiction exists. *Hartford Ins. Group v. Lou-Con, Inc.*, 293 F.3d 908, 910 (5th Cir. 2002); *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001). "[T]here is a presumption against subject-matter jurisdiction that must be rebutted by the party bringing an action to federal court." *Coury v. Prot*, 85 F.3d 244, 248 (5th Cir. 1996) (citation omitted). An action may be dismissed for lack of subject-matter jurisdiction pursuant to Rule 12(b)(1) on any of three separate grounds: (1) the complaint standing alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint, the undisputed facts, and the court's resolution of disputed facts. *Voluntary Purchasing Groups, Inc. v. Reilly*, 889 F.2d 1380, 1384 (5th Cir. 1989). A dismissal under Rule 12(b)(1) will be affirmed if it appears certain that a plaintiff cannot prove any set of facts in support of their claim entitling them to relief. *Perez v. Tex. Med. Bd.*, 556 Fed. Appx. 341, 342 (5th Cir. Feb. 21, 2014) (unpublished), citing *Hobbs v. Hawkins*, 968 F.2d 471 (5th Cir. 1992).

2

### Federal Rule of Civil Procedure 12(b)(6).

Dismissal is proper pursuant to Federal Rule of Civil Procedure 12(b)(6) when a party's complaint fails to state a claim upon which relief can be granted. When a Defendant moves to dismiss claims for failure to state a claim upon which relief can be granted, "the central issue is whether, when considered in the light most favorable to the plaintiff, the complaint states a valid claim for relief." *Hughes v. The Tobacco Inst., Inc.*, 278 F.3d 417, 420 (5th Cir. 2001) (internal quotations omitted). In analyzing a claim under Federal Rule of Civil Procedure 12(b)(6), the Court accepts all well pleaded facts as true, viewing them in the light most favorable to the plaintiff. *Martin K. Eby Constr. Co. v. Dallas Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004). However, "the plaintiff must plead 'enough facts to state a claim to relief that is plausible on its face.'" *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007)). Accordingly, "[f]actual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Katrina Canal*, 495 F.3d at 205 (quoting *Twombly*, 127 S.Ct. at 1965). While the court accepts all well pleaded facts as true, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009). Consequently, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" to survive a motion to dismiss for failure to state a claim. *Id.*

## II.   Plaintiff's claims against Texas A&M University Medical School are barred by sovereign immunity.

### Plaintiff's claim raised under the Americans with Disabilities Act is barred by sovereign immunity.

Plaintiff alleges a claim under Title II of the Americans with Disabilities Act ("ADA"). ECF No. 1 at ¶¶ 52-64 ("First Cause of Action"). Plaintiff's claim should be dismissed for lack of subject-matter jurisdiction.

Texas law establishes that Texas A&M University is a unit of state government.  *See* TEX. EDUC. CODE §§ 86.02; 61.003 (Vernon 2002) (defining Texas A&M as an institution of higher education). The long-standing doctrine of sovereign immunity protects states from private suits, unless such immunity is waived by the consenting sovereign. *See Alden v. Maine*, 527 U.S. 706, 712-28 (1999). The Eleventh Amendment reflects this doctrine, stating "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. Const., amend. XI. Furthermore, sovereign immunity and the related limitation imposed upon federal courts by the Eleventh Amendment are jurisdictional issues that must be addressed in the first instance, prior to any determination of the claims on the merits. *See Alden*, 527 U.S. at 730 ("[T]he constitutional principle of sovereign immunity does pose a bar to federal jurisdiction over suits against nonconsenting States"); *United States ex rel. Foulds v. Texas Tech University*, 171 F.3d 279, 286 (5th Cir. 1999) ("To rule on a merits question before, or in addition to, answering the omnipresent jurisdictional question [of

4

sovereign immunity] would contravene the well-established principle that the federal courts may not issue advisory opinions.").

In *Reickenbacker v. Foster*, 274 F.3d 974 (5th Cir. 2001), the Fifth Circuit held that Title II of the ADA does not validly abrogate state sovereign immunity. Since the Fifth Circuit's decision in *Reickenbacker*, the Supreme Court has held that the abrogation of sovereign immunity in Title II of the ADA is a valid exercise of congressional power to the extent that it "applies to the class of cases implicating the fundamental right of access to court," *Tennessee v. Lane*, 541 U.S. 509, 533-34 (2004), and "insofar as Title II creates a private cause of action for damages against the State for conduct that *actually* violates the Fourteenth Amendment." *United States v. Georgia*, 546 U.S. 151, 159 (2006) (emphasis in original).

Thus, the extent to which the Eleventh Amendment is abrogated under Title II of the ADA is not coextensive with all conduct actionable under the ADA; state sovereign immunity is abrogated only for conduct that also constitutes a violation of the Constitution. *See Clark v. Livingston*, Civ. A. No. C-08-045, 2008 WL 461344, at *3-4 (S.D. Tex. July 1, 2008) (citing *Georgia*, 546 U.S. at 159). To assess whether state sovereign immunity has been abrogated, the Supreme Court has instructed courts to determine the issue "on a claim-by-claim basis" using the following three part analysis:

(1) [W]hich aspects of the State's alleged conduct violated Title II;
(2) [T]o what extent such conduct also violated the Fourteenth Amendment; and,
(3) [I]nsofar as such misconduct violated Title II but did not violate the Fourteenth Amendment, whether Congress's purported abrogation of sovereign immunity as to that class of conduct is nevertheless valid.

*Georgia*, 546 U.S. at 159.

The recent Fifth Circuit decision in *Hale v. King*, 624 F.3d 178 (5th Cir. 2010) requires that the Supreme Court's analysis set forth in *United States v. Georgia*, 546 U.S. 151 (2006) be applied to assess sovereign immunity challenges to ADA Title II claims. As in *Hale,* the Fifth Circuit's analysis is applicable to Defendants' College of Medicine.  Step one of the *Georgia* test is identification of the State's conduct that allegedly violates Title II.  In this case, based on Petitioner's allegations, that conduct is selecting candidates for admission to the College of Medicine.

The second step of the *Georgia* test is to determine whether this conduct actually violates the Fourteenth Amendment.  Selecting candidates for admission to the College of Medicine does not violate the Fourteenth Amendment.  "[D]isability discrimination is subject to rational basis review, under which there is no constitutional violation so long as 'there is a rational relationship between the disparity of treatment and some legitimate governmental purpose.'"  *Hale*, 624 F.3d at 184 (citing *Bd. of Trustees of Univ. of Ala. v. Garrett*, 531 U.S. 356, 367 (2001)). "The state need not justify its own actions; rather, 'the burden is upon the challenging party to negative any reasonably conceivable state of facts that could provide a rational basis for the classification.'"  *Id*.  This, Plaintiff has not done.

The third and final step of the *Georgia* test only applies when there has not been a violation of the Fourteenth Amendment.  The last step determines whether Congress' purported abrogation of sovereign immunity is nevertheless valid.  The *Hale* case demonstrates that an abrogation of sovereign immunity related to equal

6

access to educational programs is not valid.  642 F.3d at 185.  A state university might rationally deny a disabled student equal access to certain programs (such as maritime programs where cadet safety is paramount), even where its reasons fall short of avoiding an "undue burden" or preventing fundamental alterations to a program.  *See Id.*  Furthermore, courts are not well positioned to second-guess the rationality of a state's administration of academic institutions.  *See Fisher v. Univ. of Tex. at Austin*, 631 F.3d 213, 231 (5th Cir. 2011) (recognizing university's academic decisions "are a product of 'complex educational judgments in an area that lies primarily within the expertise of the university' far outside the experience of the courts.") (citing *Grutter v. Bollinger*, 539 U.S. 306, 328-29 (2003)).  Indeed, the Supreme Court has warned against "further enlarg[ing] the judicial presence in the academic community and thereby risk[ing] deterioration of many beneficial aspects of the faculty-student relationship."  *Bd. of Curators of the Univ. of Mo. v. Horowitz*, 435 U.S. 78, 90 (1978).

Further, the Fifth Circuit's holding in *Reickenbacker* answers the third question in the negative and is still controlling.  *See Simmang v. Texas Bd. of Law Examiners*, 346 F.Supp.2d 874, 883 (W.D. Tex. 2004) ("the rationale of *Lane* does not require this Court to conclude that the Fifth Circuit's decision in *Reickenbacker* is no longer valid.  *Lane* involved a fundamental right, and this case does not.  Accordingly, this Court is bound by the decision in *Reickenbacker*."); *see also Pace v. Bogalusa City Sch. Bd.*, 403 F.3d 272, 303 (5th Cir. 2005) (Jones, J., dissenting) ("I agree with the majority's dicta that suggests *Lane* is currently of limited application.  Moreover, because *Lane* was written very narrowly, I conclude that this court's decision in

*Reickenbacker* remains valid in holding that ADA Title II, apart from the *Lane* scenario, does not validly abrogate States' Eleventh Amendment immunity."). Even if a defendant's conduct violates Title II of the ADA, such a claim is barred by sovereign immunity unless it also violates a fundamental right or the Fourteenth Amendment.

Given the much broader scope of the ADA as compared to more limited constitutional protections, numerous district courts in the Firth Circuit have held that ADA Title II claims that neither involve the fundamental right to court access (as in *Lane*) nor allege actual violations of the Fourteenth Amendment (as in *Georgia*) are barred by sovereign immunity and the protections of the Eleventh Amendment. *See Zaragoza v. Dallas County*, Civ. A. No. 3:07-CV-1704-K, 2009 WL 2030436, at *12 (N.D. Tex. July 13, 2009) ("Plaintiff has not demonstrated any violation of Lynch's constitutional rights. The ADA thus cannot abrogate UTMB's sovereign immunity in this case.")' *Sims v. Tex. Dept. of Houston and Comm. Affairs*, Civ. A. No. H-07-CV-4511, 2008 WL 4552784, at *1 (S.D. Tex. Oct. 7, 2008) ("Sims' ADA and FHA claims against TDHCA are barred by sovereign immunity."); *Simmang*, 346 F.Supp.2d at 883 ("TBLE is entitled to Eleventh Amendment immunity from Plaintiff's Title II claims.").

Turning to the Fourteenth Amendment guarantee of procedural due process, a plaintiff must prove that (1) he was deprived of a life, liberty, or property interest (2) without the process that was due. *Cleveland Bd. of Educ. V. Loudermill*, 470 U.S. 532, 538 & n. 3, 542 (1985). Plaintiff here has not identified any fundamental,

constitutionally-protected right Defendant took from him. While it is not clear from Plaintiff's First Cause of Action what Fourteenth Amendment violation would match with his ADA claim, Plaintiff does allege in his third cause of action, ECF No. 1 at ¶¶ 74-80, that "Defendants have caused great harm to Plaintiff's reputation by their actions without good cause or due process of law." ECF No. 1 ¶ 75. That, according to Plaintiff, deprived him of "his liberty interest in reputation." ECF No. 1 at ¶ 78.

Importantly, Plaintiff alleges that he voluntarily withdrew from TAMU after exercising his appeal rights, an opportunity provided by Defendant TAMU. ECF No. 1 at ¶ 29. Plaintiff further alleges that he voluntarily withdrew from the Texas A&M University College of Medicine because withdrawal gave him an option to be re-admitted. *Id.* Plaintiff's claimed deprivation, therefore, is the denial of admission following a voluntary withdrawal.

In the context of higher education, the central inquiry for purposes of liberty interest analysis is whether the state's actions have effectively foreclosed a person's opportunity for education or employment in a particular area. *See, e.g., Unger v. Nat'l. Residents Matching Program*, 928 F.2d 1392, 1396 (3rd Cir. 1991) (rejecting plaintiff's claimed liberty interest in pursuit and continuation of medical education in absence of allegations that university hospital "imposed upon her a stigma or other disability that generally foreclosed her freedom to take advantage of other education opportunities"). Numerous courts have referenced this principle in holding that applicants for admission to graduate or professional school do not have a liberty interest. *See Ramos v. Texas Tech Univ.*, 441 F.Supp. 1050, 1054 (N.D. Tex. 1977),

9

*aff'd* 566 F.2d 573 (5th Cir. 1978) (holding denial of admission to graduate program does not implicate liberty interest in absence of stigmatizing conduct and other tangible injury); *Phelps v. Washburn Univ. of Topeka*, 632 F.Supp. 455, 459 (D. Kan. 1986) (holding denial of admission to law school does not implicate liberty interest unless school accused applicant of dishonesty or published reasons for its decision); *Selman v. Harvard Med. Sch.*, 494 F.Supp. 603, 619 (S.D.N.Y. 1980), *aff'd* 636 F.2d 1204 (2nd Cir. 1980) (finding medical school transfer applicant had no liberty interest because he did "not contend that defendant medical schools published any damaging information which hurt his chances for admission at other schools). Plaintiff admits in his Original Complaint that he is not foreclosed from seeking admission at another medical school. In fact, Plaintiff claims his "dismissal[1] from the [Texas A&M University College of Medicine] forces him to enroll in a lesser program, damaging his reputation and diminishing his lifetime earnings." ECF No. 1 at ¶ 76.

Reputation, however, does not constitute a liberty or property interest sufficient to invoke due process protections. *Paul v. Davis*, 424 U.S. 693, 701 (1976); *see also Siegert v. Gilley*, 500 U.S. 226, 234 (1991) (there is no "constitutional protection for the interest in reputation"). Rather, reputational harms must be attached to some other alteration in status in order to raise a valid due process claim. Plaintiff's allegations do not contain any other alteration in status, putting his claim outside of constitutional dimensions. *See Ramos v. Texas Tech Univ.* 441 F.Supp. at 1054-55. (where plaintiff has not been deprived of the opportunity to attend a

---

[1] Again, Plaintiff admits he was not dismissed, but rather voluntarily withdrew from the medical school. *See, e.g.*, ECF No. 1 at ¶ 29.

different school, letters in file indicating she did not have the ability to sufficiently complete a program did not deprive her of a liberty or property interest).

Consequently, Plaintiff's allegations do not rise to the level of a constitutional violation or implicate a fundamental right. Plaintiff's ADA claim is thus barred by sovereign immunity and the protections of the Eleventh Amendment. *See Zaragoza*, 2009 WL 2030436, at *12. Because this Court lacks jurisdiction to hear the claim, Plaintiff's ADA claim must be dismissed.

### The Eleventh Amendment bars Plaintiff's claims against TAMU under 42 U.S.C. § 1983.

#### i. The Texas Legislature has not waived sovereign immunity for 42 U.S.C. § 1983 claims.

"[I]n the absence of consent a suit in which the State or one of its agencies or departments is named as the defendant is proscribed by the Eleventh Amendment." *Lewis v. University of Texas Medical Branch at Galveston*, 665 F.3d 625, 630 (5th Cir. 2011) (*quoting Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984)). The jurisdictional bar created by the Eleventh Amendment applies regardless of the nature of the relief sought. *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. at 100. *Accord, Raj v. La. State Univ.*, 714 F.3d 322, 328 (5th Cir. 2013). The State of Texas has not consented to suit or otherwise waived its Eleventh Amendment protections for claims filed under the auspices of § 1983. *See, e.g., Texas A&M University System v. Koseoglu*, 233 S.W.3d 835, 839 (Tex.2007) ("It is up to the Legislature to institute [a waiver of sovereign immunity under Section 1983], and to date it has not seen fit to do so."). Further, the United States Supreme Court has

recognized that the enactment of section 1983 did not "disregard the well-established immunity of a State from being sued without its consent." *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 67 (1989). Consequently, Plaintiff's claims for monetary relief under § 1983 must be dismissed.

### ii. Alternatively, Defendants are not suable persons under § 1983.

Section 1983 proscribes the actions of persons.[2] A State is not a "person" under § 1983. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 64 (1989). While § 1983 provides a federal forum to remedy deprivations of civil liberties perpetrated by individuals, "it does not provide a federal forum for litigants who seek a remedy against a State for alleged deprivations of civil liberties." *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 63 (1989).

Further, it is not clear from Plaintiff's Complaint whether he intends to bring this action against Michael K. Young solely in his official capacity, or whether he intends to bring a claim against Mr. Young in his individual capacity. To the extent that Plaintiff seeks monetary damages against Mr. Young in his official capacity, any such claim is barred by sovereign immunity. *See Kentucky v. Graham*, 473 U.S. 159,

---

[2] 42 U.S.C. § 1983 provides:

> Every *person* who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable. For the purposes of this section, any Act of Congress applicable exclusively to the District of Columbia shall be considered to be a statute of the District of Columbia.

169 (1985) ("The Court has held that, absent waiver by the State or valid congressional override, the Eleventh Amendment bars a damages action against a State in federal court.  This bar remains in effect when State officials are sued for damages in their official capacity."). Similarly, any claims against Mr. Young in his official capacity brought under 42 U.S.C. § 1983 cannot proceed because a state official sued in an official capacity is not a "person" under § 1983. *See Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989) ("We hold that neither a State nor its officials acting in their official capacities are 'persons' under § 1983."). Michael K. Young is an employee of the Texas A&M University, a Texas state agency. Plaintiff seeks only monetary damages in his Original Complaint under § 1983. *See* ECF No. 1 at ¶¶ 65-73. Accordingly, Plaintiff's claims against Mr. Young in his official capacity should be dismissed for lack of jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1).

### The Eleventh Amendment bars Plaintiff's claims against Defendants under the Texas Tort Claims Act.

Plaintiff alleges in the jurisdictional section of his Original Complaint that this Court has supplemental jurisdiction over Plaintiff's state-law claims. ECF No. 1 at ¶ 2. It is not clear from Plaintiff's Original Complaint which allegations constitute state-law claims or that Plaintiff properly pleaded such a claim, but in an abundance of caution, Defendant TAMU asserts that to the extent Plaintiff properly pleaded a state-law tort claim against TAMU and its employee Michael K. Young, such a claim is improper.

The Texas Tort Claims Act ("TTCA") does not provide a waiver of sovereign immunity in federal court. In *Shiswinski v. Peterson*, the Fifth Circuit held that the

TTCA does not waive Eleventh Amendment protections in federal court. 98 F.3d 849, 851 (5th Cir. 1996). In that case, the plaintiff sued the Texas Department of Criminal Justice under the Texas Tort Claims Act. The district court dismissed the plaintiff's claims under the TTCA, holding that "the statute waives sovereign immunity in state court only....The Act clearly does not waive Eleventh Amendment immunity to suit in federal courts." *Id*. at 852. So too here: the TTCA does not abrogate sovereign immunity in this case permitting Plaintiff to bring claims in federal court.

Plaintiff failed to provide any argument or authority that would support a finding that the State of Texas has consented to suit or otherwise waived its sovereign immunity for his claims in federal court. Accordingly, Plaintiff's claims against TAMU and Michael K. Young in his official capacity filed under the TTCA must be dismissed. *See Franka*, 332 S.W.3d 367, 377 (Tex.2013).

### By filing this Motion, Defendant TAMU moves for dismissal of all state tort law claims against Michael K. Young; dismissal is mandatory pursuant to Tex. Civ. Prac. & Rem. Code § 101.106(e).

As noted above, Plaintiff alleges in the jurisdictional section of his Original Complaint that this Court has supplemental jurisdiction over Plaintiff's state-law claims. ECF No. 1 at ¶ 2. Texas Civil Practice and Remedies Code Section 101.106— commonly referred to as the Election of Remedies provision—required Plaintiff to determine, at the time he filed suit, whether he wished to proceed against TAMU or its employees on state-law claims. Instead of making the required election, Plaintiff filed suit and purported to assert state-law tort claims against both TAMU and its employee, Michael K. Young. When a litigant sues both an agency and its employee,

"the employee[ ] shall immediately be dismissed on the filing of a motion by the governmental unit." Tex. Civ. Prac. & Rem. Code Ann. § 101.106(e). Dismissal is required regardless of whether the tort theories alleged actually do come within the TTCA's limited waiver of sovereign immunity. "Because the Tort Claims Act is the only, albeit limited, avenue for common-law recovery against the government, all tort theories alleged against a governmental unit, whether it is sued alone or together with its employees, are assumed to be 'under [the Tort Claims Act]' for purposes of [Tex. Civ. Prac. & Rem. Code] § 101.106." *Mission Consol. Indep. Sch. Dist. v. Garcia*, 253 S.W.3d 653, 659 (Tex. 2008). *Rodriguez v. Christus Spohn Health Sys. Corp.*, 628 F.3d 731, 738 (5th Cir. 2010) ("The Texas Supreme Court has held that all claims falling under the Tort Claims Act, not just those for which the Tort Claims Act waived immunity, trigger the election remedies provision.").

Further, Plaintiff's claims "could have been brought" against Texas A&M University under the TTCA even though the Act does not waive sovereign immunity as to such claims. *See Franka v. Velasquez*, 332 S.W.3d 367, 381 (Tex.2011). Consequently, all tort claims filed simultaneously against both TAMU and individual employees by Plaintiff are barred by the TTCA, and must be dismissed as a result of the filing of this motion by TAMU.

### III. Plaintiff failed to state a claim under Section 504 of the Rehabilitation Act of 1973.

Plaintiff does not distinguish between his claim arising under the ADA or Section 504 of the Rehabilitation Act of 1973 ("Rehab Act"). *See* ECF No. 1 at ¶¶ 52-64. The Court should dismiss Plaintiffs' Rehab Act claim because Plaintiff failed to

15

state a cause of action. Section 504 of the Rehabilitation Act states, in part, that:

> No otherwise qualified individual with a disability in the United States…shall, solely by reason of her or his disability, be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance.

29 U.S.C. § 794(a). Plaintiff here failed to allege facts demonstrating that he was excluded from the Texas A & M University College of Medicine solely by reason of his disability.  Assuming as true for purposes of this motion Plaintiff's factual allegation, Plaintiff alleges that he was denied admission into the Texas A & M University College of Medicine because "he was not an acceptable applicant *and* that he was a liability for psychiatric reasons." ECF No. 1 at ¶ 37. Plaintiff's allegations thus indicate that TAMU gave at least two reasons for denying his admission, which puts Plaintiff's claim outside of the Rehab Act. *See, e.g., Shurb v. University of Texas Health Science Center at Houston—School of Medicine*, 63 F.Supp.3d 700 (S.D. Tex. Oct. 24, 2014) (Explaining that the Rehab Act prohibits discrimination solely by reason of disability, whereas Title II of the ADA provided that discrimination need not be the sole reason but rather a motivating factor). Accordingly, Plaintiff's Rehab Act claim should be dismissed.

## IV.    Plaintiff's cause of action for damage to reputation fails to state a claim for which relief may be granted.

Plaintiff alleges that Defendants caused damage to his reputation without due process of law, depriving him of his liberty interest in reputation. ECF No. 1 at ¶¶ 74-80. It is not clear from Plaintiff's Original Complaint what the theory is supporting this cause of action given that it reads like a due process claim, but is not incorporated

under a § 1983 theory. To the extent that Plaintiff intends his damage to reputation claim to arise under the Fourteenth Amendment to the United States Constitution, applicable through § 1983, Plaintiff failed to state a claim for which relief may be granted because Plaintiff failed to identify a liberty or property interest that Defendants took from him. *See* Section IIa, above. Consequently, Plaintiff's third cause of action should be dismissed for failure to state a claim.

## V.   Plaintiff's cause of action for injunctive relief does not state a claim for which relief may be granted.

Federal courts recognize that an injunction is a remedy, not a separate claim or cause of action; a pleading can request injunctive relief in connection with a substantive claim, but a separately plead claim or cause of action for injunctive relief is inappropriate. *See, e.g., Jensen v. Quality Loan Serv. Corp.*, 702 F. Supp. 2d 1183, 1201 (E.D. Cal. 2010) ("A request for injunctive relief by itself does not state a cause of action"); *Henke v. ARCO Midcon, L.L.C.*, 750 F.Supp.2d 1052, 1059–60 (E.D. Mo. 2010) ("Injunctive relief, however, is a remedy, not an independent cause of action."); *Plan Pros, Inc. v. Zych*, No. 8:08CV125, 2009 WL 928867, at *2 (D. Neb. Mar. 31, 2009) ("[N]o independent cause of action for injunction exists").

Even if Plaintiff intended the claim for injunctive relief to arise under state law and argued that supplemental jurisdiction permitted a ruling from this court on the stand-alone cause of action for injunctive relief that argument would also fail because the State of Texas does not recognize a stand-alone cause of action for injunctive relief. *See Etan Industries, Inc. v. Lehmann*, 359 S.W.3d 620 at n. 2 (Tex.2011) (*quoting Cooper v. Litton Loan Servicing, LP,* 325 S.W.4d 766, 769

17

(Tex.App.—Dallas 2010, pet. denied) (noting that "[a] permanent injunction is not a cause of action but an equitable remedy[.]")). Further, Plaintiff does not adequately plead for injunctive relief. Consequently, Plaintiff's fourth cause of action must be dismissed for failure to state claim.

## VI.   Alternatively, Michael K. Young is entitled to qualified immunity.

Courts have long observed that individual-capacity actions "entail substantial social costs, including the risk that fear of personal monetary liability and harassing litigation will unduly inhibit officials in the discharge of their duties." *Anderson v. Creighton*, 483 U.S. 635, 638 (1987) (citation omitted). To address these concerns, the Supreme Court established the doctrine of qualified immunity as an "accommodation for reasonable error," not only shielding government officials who have acted properly, but providing judicial forgiveness for those officials who have made mistakes. *Hunter v. Bryant*, 502 U.S. 224, 227, 229 (1991); *see also Harlow v. Fitzgerald*, 457 U.S. 800 (1982). Qualified immunity is immunity from suit rather than a mere defense to liability. *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985). Its applicability is determined, as a matter of law, by the trial judge.

Under the doctrine of qualified immunity, officials are immune unless "the law clearly proscribed the actions" they took. *Mitchell*, 472 U.S. at 528. "[I]f officers of reasonable competence could disagree on [the] issue, immunity should be recognized." *Malley v. Briggs*, 475 U.S. 335, 341 (1986). Qualified immunity gives "ample room for mistaken judgments" and protects "all but the plainly incompetent or those who knowingly violate the law." *Id.* "This accommodation for reasonable error exists

18

because 'officials should not err always on the side of caution' because they fear being sued." *Hunter*, 502 U.S. at 229 (quoting *Davis v. Scherer*, 468 U.S. 183, 196 (1984)).

It is well settled that, in order to overcome a state official's qualified immunity (including at the motion to dismiss stage), a plaintiff must plead specific *facts* that would show "(1) that the official violated a statutory or constitutional right, and (2) that the right was 'clearly established' at the time of the challenged conduct." *Morgan v. Swanson*, 659 F.3d 359, 371 (5th Cir. 2011) (internal quotations and citations omitted); *see also Behrens v. Pelletier*, 516 U.S. 299, 309 (1996) (explaining qualified immunity analysis at motion to dismiss stage requires scrutinizing the "defendant's conduct *as alleged in the complaint*") (emphasis in the original). Qualified immunity bars suits entirely against state officials in their individual capacity when the official's "conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known" at the time the alleged act occurred. *Walker v. Livingston*, 381 Fed. Appx. 477, 479 (5th Cir. 2010) (citing *Pearson v. Callahan*, 555 U.S. 223 (2009)).

The contours of the statutory or constitutional right alleged to have been violated "must be sufficiently clear that a reasonable official would understand that what he is doing violates that right." *Anderson v. Creighton*, 483 U.S. 635, 640 (1987) ("[I]n the light of preexisting law the unlawfulness must be apparent"); *Atteberry v. Nocona Gen. Hosp.*, 430 F.3d 245, 257 (5th Cir. 2005) ("[T]he unlawfulness of [the] alleged conduct" must be "readily apparent from relevant precedent in sufficiently similar situations"); *see also Wyatt v. Fletcher*, 718 F.3d 496, 503 (5th Cir. 2013) (in

order to deny a qualified immunity motion, the court must "be able to point to *controlling* authority—or a *robust consensus* of persuasive authority—that defines the contours of the right in question with a high degree of particularity") (emphasis added and internal quotations omitted); *McClendon v. City of Columbia*, 305 F.3d 314, 331 (5th Cir. 2002) (court must "consider not only whether courts have recognized the existence of a particular right, but also on whether that right has been defined with sufficient clarity to enable a reasonable official to assess the lawfulness of his conduct").

Plaintiff does not identify any on-point Fifth Circuit or United States Supreme Court case law clearly establishing a law or right violated personally by Michael K. Young. Further, even if Plaintiff did so identify, he failed to plead specific facts indicating how Mr. Young personally violated that law or right as it related to Plaintiff in this case. To the extent that Plaintiff intended to raise a claim against Mr. Young in his individual capacity, Plaintiff failed to plead sufficient law and facts to overcome Mr. Young's entitlement to qualified immunity. Consequently, any individual capacity claim against Mr. Young must be dismissed.

## CONCLUSION

All claims in Plaintiff's Original Complaint (ECF No. 1) should be dismissed.

Dated: March 29, 2016.

Respectfully submitted,

KEN PAXTON
Attorney General of Texas

JEFFREY C. MATEER
First Assistant Attorney General

20

JAMES E. DAVIS
Deputy Attorney General for Civil Litigation

ANGELA V. COLMENERO
Chief, General Litigation Division

/s/  Eric A. Hudson
ERIC A. HUDSON
Assistant Attorneys General
Attorney-in-Charge
Texas Bar No. 24059977
Southern District ID No. 1000759
Office of the Attorney General - 019
General Litigation Division
P.O. Box 12548, Capitol Station
Austin, Texas 78711
(512) 463-4058
(512) 320-0667 FAX
eric.hudson@texasattorneygeneral.gov
*Attorneys for Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was filed electronically with the Court and delivered by CM/ECF on March 29, 2016, to:


Mr. Donald G. Henslee
Ms. Chigozie F. Odediran
Law Office of Donald G. Henslee
901 Mopac Expressway South
Barton Oaks Plaza One Suite 300
Austin, Texas 78746
512-320-9177
512-597-1455 FAX


/s/  Eric A. Hudson
ERIC A. HUDSON
Assistant Attorney General