**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHISN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| **DANYAL SHAIKH,** | § | |
| *Plaintiff,* | § | |
| | § | |
| **v.** | § | **Civil Action No. 4:16-CV-00591** |
| | § | |
| **TEXAS A&M UNIVERSITY** | § | |
| **COLLEGE OF MEDICINE and** | § | |
| **MICHAEL K. YOUNG.** | § | |
| *Defendants.* | § | |

## <u>JOINT MOTION TO STAY DISCOVERY</u>

TO THE HONORABLE JUDGE LYNN N. HUGHES:

NOW INTO COURT, through undersigned counsel, comes Defendant Texas A&M University College of Medicine and Michael K. Young, in his official and individual capacities, (*hereinafter collectively* "Defendant" or "TAMU") and Plaintiff Danyal Shaikh (*hereinafter* "Plaintiff" or "Shaikh") and present this Joint Motion to Stay Discovery. In support hereof, the parties show as follows:

## INTRODUCTION

Plaintiff filed his Original Complaint (Dkt. No. 1) on March 7, 2016, and Defendants responded to the same on March 30, 2016, in the form of a Federal Rule of Civil Procedure 12(b) motion raising several defenses to the suit, including sovereign immunity and qualified immunity. *See* Dkt. No. 5. Plaintiff recently filed for, and received from this court, an extension of time to file a response to Defendants' 12(b) motion (Dkt. No. 13, 14). On May 6, 2016, Plaintiff filed a motion for leave to file an amended complaint. *See* Dkt. No. 16. That motion is pending at

the time of this filing, and the parties are set to appear before this court on June 6th for an initial conference.

The parties conferred telephonically about this joint motion on May 20, 2016, and via electronic mail on May 23, 2016, and agree that discovery should be stayed pending a ruling from the district court on Defendants' responsive pleading.[1]

## ARGUMENT AND AUTHORITIES

Courts have "broad discretion" to stay proceedings. *Clinton v. Jones*, 520 U.S. 681, 706 (1997). "[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. North Am. Co.*, 299 U.S. 248, 254 (1936); *see also* Fed. R. Civ. P. 1. A stay of discovery in this litigation is not sought for purposes of delay, and will help secure the just and efficient resolution of this proceeding.

When sovereign immunity is asserted by a state or an arm of the state, "[e]ngaging in discovery on the merits is not necessary, nor is it proper, prior to a ruling on Eleventh Amendment immunity." *See Puerto Rico Aqueduct and Sewer Auth. v. Metcalf & Eddy, Inc.*, 506 U.S. 139, 146 (1993) (*quoting In re Ayers*, 123 U.S. 443, 505 (1887) ("The very object and purpose of the 11th Amendment were to prevent the indignity of subjecting a State to the coercive process of judicial tribunals at the instance of private parties.").

---

[1] The parties understand and agree that responsive pleadings include both the pending motion and alternatively, the responsive pleading, if any, filed following a grant of the pending motion for leave to amend (Dkt. No. 16).

Moreover, when, as here, the defense of qualified immunity is raised in a motion to dismiss, no discovery is permissible unless and until the court *first* determines discovery is necessary to resolve the motion. *Wicks v. Mississippi State Employment Services*, 41 F.3d 991, 994-95 (5th Cir. 1995). The Fifth Circuit recently explained how this procedure should be applied by the district court, holding:

> a plaintiff seeking to overcome qualified immunity must plead specific facts that both allow the court to draw the reasonable inference that the defendant is liable for the harm he has alleged and that defeat a qualified immunity defense with equal specificity… After the district court finds a plaintiff has so pleaded, if the court remains unable to rule on the immunity defense without further clarification of the facts, it may issue a discovery order narrowly tailored to uncover only those facts needed to rule on the immunity claim.

*Zapata v. Melson*, 750 F.3d 481, 485 (5th Cir. 2014) (internal citations and quotations omitted); *Backe v. LeBlanc*, 691 F.3d 645, 649 (5th Cir. 2012) (finding trial court abused its discretion by issuing order that found it "premature" to resolve qualified immunity motion before discovery was conducted without first engaging in the required analysis of defense).

In the instant matter, the motion to dismiss raises an independent basis for dismissal that does not require discovery to resolve under a Rule 12(b)(6) standard. Indeed, no discovery is required for this court to determine whether Plaintiff's factual allegations, taken as true, fail to state a claim that serves to overcome Defendant's qualified immunity from suit. The Rule 12(b)(6) standard of review that applies to the pending Motion to Dismiss specifically assumes that such motions will be decided on the pleadings. *Behrens v. Pelletier*, 516 U.S. 299, 309 (1996)

(explaining qualified immunity analysis at motion to dismiss stage only requires scrutinizing the "defendant's conduct *as alleged in the complaint*") (emphasis in original).

Simply put, wide-ranging discovery is not necessary to resolve the predicate issues raised by Defendants' responsive pleadings; therefore, the parties agree that this court should postpone discovery until this court resolves Defendants' motion to dismiss.

## CONCLUSION

For the foregoing reasons, the parties respectfully request that the Court GRANT this Motion and enter an order staying any further discovery in this case until resolution of the Defendants' motion to dismiss.

Dated: May 27, 2016

Respectfully submitted,

KEN PAXTON
Attorney General of Texas

JEFFRERY C. MATEER
First Assistant Attorney General

BRANTLEY STARR
Deputy First Assistant Attorney General

JAMES E. DAVIS
Deputy Attorney General for Civil Litigation

ANGELA V. COLMENERO
Chief, General Litigation Division

*/s/ Eric A. Hudson*
ERIC A. HUDSON
Assistant Attorney General
Texas State Bar No. 24059977
S.D. Texas Admission No. 1000759
P.O. Box 12548
Austin, Texas  78711-2548
Telephone: (512) 936-6417
Facsimile: (512) 478-4013
eric.hudson@texasattorneygeneral.gov

ATTORNEY FOR DEFENDANTS

Cirkiel & Associates, P.C.

*/s/ Chigozie Odediran*
Mr. Martin J. Cirkiel, Esq.
State Bar No. 00783829
Fed. ID# 21488
1901 E. Palm Valley Blvd.
Round Rock, Texas 78664
(512) 244-6658 [Telephone]
(512) 244-6014 [Facsimile]
marty@cirkielaw.com
Chigozie Odediran
Law Offices of Donald G Henslee
State Bar No:24098196
901 Mopac Expressway South
Barton Oaks Plaza One | Suite 300
Austin, Texas | 78746
(512) 320-9177 [Telephone]
(512) 597-1455 [Facsimile]
codediran@school-law.co

ATTORNEYS FOR PLAINTIFF

## **CERTIFICATE OF CONFERENCE**

I certify that the parties most recently conferred about the necessity of immediate discovery on May 27, 2016. Counsel for Plaintiff indicated that he joins in seeking the relief requested in this motion.

*/s/  Eric A. Hudson*
Eric A. Hudson
Assistant Attorney General

## CERTIFICATE OF SERVICE

I hereby certify that on this 27th day of May, 2016, the foregoing motion was filed electronically and made accessible through the Court's electronic filing system. All parties will receive notice of this filing by operation of the Court's electronic filing system.

/s/ *Eric A. Hudson*
Eric A. Hudson
Assistant Attorney General