IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| DANYAL SHAIKH, §<br>    *Plaintiff,* § <br> § <br> v. §   Civil Action No. 4:16-CV-00591 <br> § <br> TEXAS A&M UNIVERSITY § <br> COLLEGE OF MEDICINE, § <br> MICHAEL K. YOUNG § <br> (in his official capacity) PAUL § <br> OGDEN M.D. AND MICHAEL § <br> BROWN M.D. (Individually) § <br>    *Defendants.* § | |

**SUPPLEMENTAL RESPONSE IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS**

TO THE HONORABLE JUDGE LYNN N. HUGHES:

NOW INTO COURT, through undersigned counsel, comes Defendant Texas A&M University College of Medicine, and Michael K. Young and Paul Ogden, M.D. (*hereinafter collectively* "Defendants" or "TAMU"), and present this their Supplemental Response in Support of Defendants' Motion to Dismiss pursuant to Federal Rules of Civil Procedure 12(b)(1) and (6). In support hereof, Defendant shows as follows:

## INTRODUCTION

Plaintiff filed his Original Complaint (Dkt. No. 1) on March 7, 2016, alleging causes of action under the Americans with Disabilities Act of 1990, Section 504 of the Rehabilitation Act of 1973, 42 U.S.C. § 1983, and a cause of action for damage to reputation and a cause of action for injunctive relief. On June1, 2016, this Court granted Plaintiff leave to amend his complaint (Dkt. No. 20). Plaintiff's amended

complaint adds a cause of action under 42 U.S.C. § 1981, drops Plaintiff's claim for damage to reputation, and adds a claim of negligence against newly added defendant Michael Brown, M.D.[1] The amended complaint also adds as a party TAMU employee Paul Ogden, M.D. The Court did not deny as moot Defendants' Motion to Dismiss (Dkt. No. 5) following its order granting motion for leave to amend. Defendants' Motion to Dismiss, thus, is still pending. On June 6, 2016, the parties appeared through counsel at an initial conference with the Court to discuss the instant litigation and pending motions. Following that initial conference, the Court entered a scheduling order permitting the defendants to file a supplemental response in support of their pending Motion to Dismiss by June 17, 2016. *See* Dkt. No. 27. Defendants now timely file this Supplement in Support of Motion to Dismiss.

## I. Defendants incorporate by reference their original Motion to Dismiss

Defendants filed their original Motion to Dismiss on March 29, 2016. Plaintiff's amended complaint drops his claim for damage to reputation, but adds a new cause of action pursuant to 42 U.S.C. § 1981 and adds Dr. Paul Ogden as a party to this litigation. In an effort to avoid duplication of arguments previously raised in Defendants' Motion to Dismiss, Defendants hereby incorporate the arguments and briefing contained in their original Motion to Dismiss (Dkt. No. 5) to the extent that they apply to Plaintiff's live pleading. Further, Paul Ogden, M.D. expressly joins the arguments contained in Defendants' Motion to Dismiss (Dkt. No. 5) and asserts that

---

[1] By way of clarification, Michael Brown, M.D., is not an employee of Texas A&M University College of Medicine, and is not being represented by undersigned counsel in this litigation.

2

those arguments apply with equal force to any live claims against him.

**II. Plaintiff's claims against Defendants are barred by sovereign immunity.**

### The Eleventh Amendment bars Plaintiff's claims against TAMU under 42 U.S.C. § 1981.

"[I]n the absence of consent a suit in which the State or one of its agencies or departments is named as the defendant is proscribed by the Eleventh Amendment." *Lewis v. University of Texas Medical Branch at Galveston*, 665 F.3d 625, 630 (5th Cir. 2011) (*quoting Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984)). The jurisdictional bar created by the Eleventh Amendment applies regardless of the nature of the relief sought. *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. at 100. *Accord, Raj v. La. State Univ.*, 714 F.3d 322, 328 (5th Cir. 2013). The State of Texas has not consented to suit or otherwise waived its Eleventh Amendment protections for claims filed under the auspices of § 1981. *See, e.g., Texas A&M University System v. Koseoglu*, 233 S.W.3d 835, 839 (Tex.2007) ("It is up to the Legislature to institute [a waiver of sovereign immunity under Section 1983], and to date it has not seen fit to do so."). Further, it is settled law in the Fifth Circuit that § 1981 does not abrogate state sovereign immunity. *Early v. S. Univ. Agric. & Mech. Coll. Bd. of Supervisors*, 252 F. App'x 698, 700 (5th Cir. 2007) (citing *Sessions v. Rusk State Hosp.*, 648 F.2d 1066, 1069 (5th Cir. Unit A June 1981)).

Further, it is not clear from Plaintiff's Complaint whether he intends to bring this action against Paul Ogden, M.D. solely in his official capacity, or whether he intends to bring a claim against Dr. Ogden in his individual capacity. To the extent

that Plaintiff seeks monetary damages against Dr. Ogden in his official capacity, any such claim is barred by sovereign immunity. *See Kentucky v. Graham*, 473 U.S. 159, 169 (1985) ("The Court has held that, absent waiver by the State or valid congressional override, the Eleventh Amendment bars a damages action against a State in federal court. This bar remains in effect when State officials are sued for damages in their official capacity."). Similarly, any claims against Dr. Ogden in his official capacity brought under 42 U.S.C. § 1983 cannot proceed because a state official sued in an official capacity is not a "person" under § 1983. *See Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989) ("We hold that neither a State nor its officials acting in their official capacities are 'persons' under § 1983."). Paul Ogden, M.D. is an employee of the Texas A&M University College of Medicine, a Texas state agency. Plaintiff seeks only monetary damages in his complaint Complaint under § 1983. *See* ECF No. 1 at ¶¶ 65-73. Accordingly, Plaintiff's claims against Mr. Young in his official capacity should be dismissed for lack of jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1).

Consequently, Plaintiff cannot maintain a cause of action against Defendants pursuant to § 1981.

> ### Plaintiff's addition of "class of one" claims does not overcome Defendants' entitlement to Eleventh Amendment protection from 42 U.S.C. § 1983 claims.

Plaintiff adds claims pursuant to Section 1983 under a "class-of-one" theory, and seeks monetary damages from Defendant Texas A&M University College of Medicine. Plaintiff's amendment does not change the fact that a State is not a "person" under §

4

1983, *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 64 (1989), or that state entities are entitled to immunity from suit for monetary damages. *See Kentucky v. Graham*, 473 U.S. 159, 169 (1985). Accordingly, the Eleventh Amendment bar applies with equal force to Plaintiff's amended § 1983 claim.

> **By filing this Motion, Defendant TAMU moves for dismissal of all state tort law claims against Michael K. Young and Paul Ogden, M.D.; dismissal is mandatory pursuant to Tex. Civ. Prac. & Rem. Code § 101.106(e).**

Plaintiff alleges in the jurisdictional section of his Original Complaint that this Court has supplemental jurisdiction over Plaintiff's state-law claims. ECF No. 1 at ¶ 2. Texas Civil Practice and Remedies Code Section 101.106 requires Plaintiff to determine, at the time he filed suit, whether he wished to proceed against TAMU or its employees on state-law claims. When a litigant sues both an agency and its employee, "the employee[ ] shall immediately be dismissed on the filing of a motion by the governmental unit." Tex. Civ. Prac. & Rem. Code Ann. § 101.106(e). Dismissal is required regardless of whether the tort theories alleged actually do come within the TTCA's limited waiver of sovereign immunity. "Because the Tort Claims Act is the only, albeit limited, avenue for common-law recovery against the government, all tort theories alleged against a governmental unit, whether it is sued alone or together with its employees, are assumed to be 'under [the Tort Claims Act]' for purposes of [Tex. Civ. Prac. & Rem. Code] § 101.106." *Mission Consol. Indep. Sch. Dist. v. Garcia*, 253 S.W.3d 653, 659 (Tex. 2008). *Rodriguez v. Christus Spohn Health Sys. Corp.*, 628 F.3d 731, 738 (5th Cir. 2010) ("The Texas Supreme Court has held that all claims falling under the Tort Claims Act, not just those for which the Tort Claims Act waived

immunity, trigger the election remedies provision.").

Further, Plaintiff's claims "could have been brought" against Texas A&M University under the TTCA even though the Act does not waive sovereign immunity as to such claims. *See Franka v. Velasquez*, 332 S.W.3d 367, 381 (Tex.2011). Consequently, all tort claims filed simultaneously against both TAMU and individual employees by Plaintiff are barred by the TTCA, and must be dismissed as a result of the filing of this motion by TAMU.

### III. Paul Ogden, M.D. is entitled to qualified immunity.

Courts have long observed that individual-capacity actions "entail substantial social costs, including the risk that fear of personal monetary liability and harassing litigation will unduly inhibit officials in the discharge of their duties." *Anderson v. Creighton*, 483 U.S. 635, 638 (1987) (citation omitted). To address these concerns, the Supreme Court established the doctrine of qualified immunity as an "accommodation for reasonable error," not only shielding government officials who have acted properly, but providing judicial forgiveness for those officials who have made mistakes. *Hunter v. Bryant*, 502 U.S. 224, 227, 229 (1991); *see also Harlow v. Fitzgerald*, 457 U.S. 800 (1982). Qualified immunity is immunity from suit rather than a mere defense to liability. *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985). Its applicability is determined, as a matter of law, by the trial judge.

Under the doctrine of qualified immunity, officials are immune unless "the law clearly proscribed the actions" they took. *Mitchell*, 472 U.S. at 528. "[I]f officers of reasonable competence could disagree on [the] issue, immunity should be recognized."

*Malley v. Briggs*, 475 U.S. 335, 341 (1986). Qualified immunity gives "ample room for mistaken judgments" and protects "all but the plainly incompetent or those who knowingly violate the law." *Id*. "This accommodation for reasonable error exists because 'officials should not err always on the side of caution' because they fear being sued." *Hunter*, 502 U.S. at 229 (quoting *Davis v. Scherer*, 468 U.S. 183, 196 (1984)).

It is well settled that, in order to overcome a state official's qualified immunity (including at the motion to dismiss stage), a plaintiff must plead specific *facts* that would show "(1) that the official violated a statutory or constitutional right, and (2) that the right was 'clearly established' at the time of the challenged conduct." *Morgan v. Swanson*, 659 F.3d 359, 371 (5th Cir. 2011) (internal quotations and citations omitted); *see also Behrens v. Pelletier*, 516 U.S. 299, 309 (1996) (explaining qualified immunity analysis at motion to dismiss stage requires scrutinizing the "defendant's conduct *as alleged in the complaint*") (emphasis in the original). Qualified immunity bars suits entirely against state officials in their individual capacity when the official's "conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known" at the time the alleged act occurred. *Walker v. Livingston*, 381 Fed. Appx. 477, 479 (5th Cir. 2010) (citing *Pearson v. Callahan*, 555 U.S. 223 (2009)).

The contours of the statutory or constitutional right alleged to have been violated "must be sufficiently clear that a reasonable official would understand that what he is doing violates that right." *Anderson v. Creighton*, 483 U.S. 635, 640 (1987) ("[I]n the light of preexisting law the unlawfulness must be apparent"); *Atteberry v.*

7

*Nocona Gen. Hosp.*, 430 F.3d 245, 257 (5th Cir. 2005) ("[T]he unlawfulness of [the] alleged conduct" must be "readily apparent from relevant precedent in sufficiently similar situations"); *see also Wyatt v. Fletcher*, 718 F.3d 496, 503 (5th Cir. 2013) (in order to deny a qualified immunity motion, the court must "be able to point to *controlling* authority—or a *robust consensus* of persuasive authority—that defines the contours of the right in question with a high degree of particularity") (emphasis added and internal quotations omitted); *McClendon v. City of Columbia*, 305 F.3d 314, 331 (5th Cir. 2002) (court must "consider not only whether courts have recognized the existence of a particular right, but also on whether that right has been defined with sufficient clarity to enable a reasonable official to assess the lawfulness of his conduct").

Plaintiff does not identify any on-point Fifth Circuit or United States Supreme Court case law clearly establishing a law or right violated personally by Paul Ogden, M.D. Further, even if Plaintiff did so identify, he failed to plead specific facts indicating how Dr. Ogden personally violated that law or right as it related to Plaintiff in this case. To the extent that Plaintiff intended to raise a claim against Dr. Ogden in his individual capacity, Plaintiff failed to plead sufficient law and facts to overcome Dr. Ogden's entitlement to qualified immunity. Consequently, any individual capacity claim against Dr. Ogden must be dismissed.

## CONCLUSION

Plaintiff's claims against Defendants Texas A&M University College of Medicine, Michael K. Young, and Paul Ogden, M.D., should be dismissed.

Dated: June 17, 2016.

Respectfully submitted,

KEN PAXTON
Attorney General of Texas

JEFFREY C. MATEER
First Assistant Attorney General

BRANTLEY STARR
Deputy First Assistant Attorney General

JAMES E. DAVIS
Deputy Attorney General for Civil Litigation

ANGELA V. COLMENERO
Chief, General Litigation Division

*/s/ Eric A. Hudson*
ERIC A. HUDSON
Assistant Attorneys General
Attorney-in-Charge
Texas Bar No. 24059977
Southern District ID No. 1000759
Office of the Attorney General - 019
General Litigation Division
P.O. Box 12548, Capitol Station
Austin, Texas 78711
(512) 463-4058
(512) 320-0667 FAX
eric.hudson@texasattorneygeneral.gov
*Attorney for Defendants*

## CERTIFICATE OF SERVICE

   I hereby certify that a true and correct copy of the foregoing was filed electronically with the Court and delivered by CM/ECF on June 17, 2016, to:

Mr. Donald G. Henslee
Ms. Chigozie F. Odediran
Law Office of Donald G. Henslee
901 Mopac Expressway South
Barton Oaks Plaze One Suite 300
Austin, Texas 78746
512-320-9177
512-597-1455 FAX

             */s/ Eric A. Hudson*
             ERIC A. HUDSON
             Assistant Attorneys General