IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| DANYAL SHAIKH, § | |
|    *Plaintiff*, § | |
| § | |
| v. § | Civil Action No. 4:16-CV-00591 |
| § | |
| TEXAS A&M UNIVERSITY § | |
| COLLEGE OF MEDICINE, § | |
| MICHAEL K. YOUNG § | |
| (in his official capacity) PAUL § | |
| OGDEN M.D. AND MICHAEL § | |
| BROWN M.D. (Individually) § | |
|    *Defendants.* § | |

**REPLY IN SUPPORT OF DEFENDANTS TEXAS A&M UNIVERSITY COLLEGE OF MEDICINE'S, MICHAEL K. YOUNG'S, AND PAUL OGDEN"S, M.D. MOTION TO DISMISS [DKT NO. 35]**

TO THE HONORABLE JUDGE LYNN N. HUGHES:

NOW INTO COURT, through undersigned counsel, comes Defendant Texas A&M University College of Medicine, and Michael K. Young and Paul Ogden, M.D. (*hereinafter collectively* "Defendants" or "TAMU"), and present this reply in support of their motion to dismiss (Dkt. Nos. 5, 35) pursuant to Federal Rules of Civil Procedure 12(b)(1) and (6). In support hereof, Defendant shows as follows:

As an initial matter, Plaintiff asserts in his response (Dkt. No. 37) that he has three viable claims against the Defendants:

- A claim under Title II of the Americans with Disabilities Act ("ADA");
- Section 504 of the Rehabilitation Act of 1973 ("Rehab Act"); and,
- A claim for injunctive relief.

Local Civil Rule 7.4 provides that a "[f]ailure to respond will be taken as a representation of no opposition." Plaintiff fails to respond to any other argument contained in Defendants' motion to dismiss (Dkt. No. 5) or Defendants' supplement to their motion to

1

dismiss (Dkt. No. 35). In accordance with the Local Civil Rules, this Court should accept Plaintiff's failure to respond to any other arguments raised by Defendants as indicating no opposition to the same, and grant Defendants' requested relief. Namely, this Court should rule:

- The Eleventh Amendment bars Plaintiff's claims against TAMU under 42 U.S.C. §§ 1981, 1983 to the full extent Plaintiff pleaded such claims;
- The Eleventh Amendment bars Plaintiff's official capacity claims against Michael K. Young and Paul Ogden, M.D. under 42 U.S.C. §§ 1981, 1983 to the full extent Plaintiff pleaded such claims;
- The Eleventh Amendment bars Plaintiff's claims against Defendants under the Texas Tort Claims Act to the full extent Plaintiff pleaded such claims;
- Michael K. Young or Paul Ogden, M.D. are entitled to dismissal of any state-law claims made against them pursuant to Tex. Civ. Prac. & Rem. Code § 101.106(e) to the full extent Plaintiff pleaded such claims;
- Michael K. Young and Paul Ogden, M.D. are entitled to qualified immunity from Plaintiff's individual capacity claims against them 42 U.S.C. §§ 1981, 1983 to the full extent Plaintiff pleaded such claims.

Consequently, the only arguments remaining are Plaintiff's arguments in favor of permitting him to proceed on his ADA, Rehab Act, and Injunctive Relief claims. Each is addressed in turn below.

### I.     Plaintiff does not state a viable cause of action for injunctive relief

Plaintiff's claim that he has a valid cause of action for injunctive relief is, simply put, wrong. *See* Dkt. No. 5 at p. 17-18 (Citing cases for the proposition that an injunction is a remedy, not a separate claim or cause of action).

### II.    Plaintiff does not have a viable cause of action under the Rehab Act

Section 504 of the Rehabilitation Act states, in relevant part, that "[n]o otherwise qualified individual with a disability in the United States…shall, *solely by reason* of her or his disability, be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance." 29 U.S.C. § 794(a) (emphasis added); *Washburn v. Harvey*, 504 F.3d 505,

508-09 (5th Cir. 2007). Plaintiff conveniently omits the key phrase "solely by reason" from the requirements of his *prima facie* case, and goes on to write that the balance of Plaintiff's claims regarding his Rehab Act claim are uncontroverted. Dkt. No. 37 at ¶¶ 41-42.[1]

"Solely by reason" is the causation standard for a Rehab Act claim, and is part of a *prima facie* case. Plaintiff has pleaded himself out of a Rehab Act claim in this case by clearly identifying that the acts giving rise to his claims were not the sole reason he suffered discrimination. *See, e.g.*, Dkt. No. 37 ("Further, and because there may be more than one reason why Shaikh was not readmitted…then he does not satisfy the language in the Rehabilitation Statute, that requires the discrimination be "solely" based upon disability."); Dkt. No. 21 ¶41 ("Plaintiff met with Dean of Admission Mr. Maldonado who told him the reason he was denied re-admission was because '*he was not an acceptable applicant and that he was a liability for psychiatric reasons*.") (emphasis added). Consequently, Plaintiff cannot state a cause of action under the Rehab Act.

### III.  Plaintiff's ADA claim is barred by sovereign immunity

Plaintiff raises four arguments against the application of sovereign immunity as to his ADA claim:

- Defendants' position conflicts with *Tennessee v. Lane*, 541 U.S. 509 (2004);
- Plain language supports Plaintiff's argument;
- A federal district judge rejected Defendants' argument in *Shurb v. UT Health Science Center at Houston—College of Medicine*, 63 F.Supp.3d 700 at n. 8 (S.D. Tex., Oct. 24, 2014); and, finally,

---

[1] Plaintiff fails to grasp that this is a motion to dismiss, and that in analyzing a claim under Federal Rule of Civil Procedure 12(b)(6), the Court accepts all well pleaded facts as true, viewing them in the light most favorable to the plaintiff. *Martin K. Eby Constr. Co. v. Dallas Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004). Defendants have not answered in this case, and assume that Plaintiff's factual allegations are true for purposes of this motion only. Therefore, Defendants are merely pointing out that Plaintiff has failed to plead an actionable claim that overcomes Defendants' entitlement to sovereign immunity or qualified immunity.

- Defendants violated his constitutional rights by violating his rights under the ADA.

For the reasons that follow, Plaintiff's arguments are unavailing.

### a. *Lane* must be read in conjunction with *Georgia*

Plaintiff indicates that Defendants' position, *notwithstanding U.S. v. Georgia*, 546 U.S. 151 (2006)—Dkt. No. 37 at ¶ 28, conflicts with *Tennessee v. Lane*, 541 U.S. 509 (2004). Plaintiff, however, does not explain the conflict, preferring instead merely to cut-and-paste the United States Supreme Court's footnote from *Lane* citing four district court cases from the 1970s and 1980s indicating that district courts have applied the ADA to claims involving the exclusion of mentally-retarded and AIDS-afflicted children from grade schools. Defendants are left to wonder at how, exactly, their position conflicts with *Lane* or *Georgia*.

Alternatively, Plaintiff contends that a recent district court ruling rejected Defendants' reading and application of *U.S. v. Georgia*, 546 U.S. 151 (2006) in the case *Shurb v. Univ. of Tex. Health Science Center at Houston—Sch. of Med.*, 63 F.Supp.3d 700, at n. 8 (S.D. Tex., Oct 24, 2014).[2] Plaintiff's reliance on *Shurb* is misplaced. As explained immediately below, Plaintiff's Rehab Act and ADA claims are not identical in scope and therefore are reviewed under different standards in this case.

### b. Plaintiff's casting of his ADA and Rehab Act claims supports a finding that his ADA claim is barred by sovereign immunity

The Fifth Circuit, in *Bennett-Nelson v. Louisiana Board of Regents*, 431 F.3d 448 (5th Cir. 2005), wrote that there is a material difference between ADA and Rehab Act claims in that the caustion requirements between the ADA and the Rehabilitation Act of

---

[2] The Westlaw citation for the ruling referenced by Plaintiff is *Shurb v. Univ. of Tex. Health Science Center at Houston—Sch. of Med.*, No. 13-217, 2013 WL 4096826, at n. 8.

1973 differ. *See Bennett-Nelson v. Louisiana Board of Regents*, 431 F.3d at 454. That difference becomes immaterial only where causation is not at issue in the litigation. *See id.* at 454-55. (Explaining that causation was not at issue because the question presented did not involve whether the denial of an accommodation was caused solely or only in part by the animus of the defendants."); *see also, McCoy v. Texas Dept. of Criminal Justice*, 2006 WL 2331055 *5 (S.D. Tex. August 9, 2006) (not reported) (Only where a claim is based on the failure to provide reasonable accommodations are the ADA and Rehab Act identical in scope.).

To find safe harbor under *Bennett-Nelson*, Plaintiff would have to agree that causation is not at issue and that Plaintiff's claims, therefore, rest solely on the denial of a reasonable acommodation. *See Bennett-Nelson v. Louisiana Board of Regents*, 431 F.3d at 454-55 ("In addition to their respective prohibitions of disability-based discrimination, both the ADA and the Rehabilitation Act impose upon public entities an affirmative obligation to make reasonable accommodations for disabled individuals. Where a defendant fails to meet this affirmative obligation, the cause of that failure is irrelevant."). Plaintiff affirmatively pleads that there were multiple reasons why Plaintiff was denied readmission, Dkt. No. 21 at ¶ 41, and concedes that causation is at issue in this case.[3] *See* Dkt. No. 37 at ¶ 42 ("[B]ecause there may be more than one reason why Skaikh was not readmitted to the medical school...he does not satisfy the language in the Rehabilitation Statute[.]"). Because causation is at issue here, Plaintiffs claims under the ADA and Rehab Act are not identical in scope, requiring this Court to address the sovereign

---

[3] By way of further contrast, Plaintiff's First Amended Complaint does not mention or otherwise indicate that his claim involves the denial of an accommodation or even that an accommodation was requested.

5

immunity issue presented as to Plaintiff's ADA claim.[4]

### i. Plaintff has not pleaded a valid Fourteenth Amendment violation

Plaintiff asserts that TAMU deprived him of his right to education, prevented him from seeking educational opportunities elsewhere by blocking access to his records, and caused him to be tagged with "irregular behavior" by the USMLE. Plaintiff's facts in support, however, negate a finding an actual violation of Plaintiff's Fourteenth Amendment rights. To wit:

Plaintiff's facts indicate that he voluntarily withdrew from TAMU after receiving due process, Dkt. No. 21 at ¶¶ 31-34; he enrolled in a master's program at Case Western Reserve University after being denied readmission to TAMU and purportedly after TAMU placed a block on his records,[5] Dkt. No. 21 at ¶ 53; and a third-party entity, not TAMU, tagged him with "irregular behavior" after he opted to sign up for an exam he claims is administered only to students currently enrolled in medical programs *after* he voluntarily withdrew from TAMU's medical program, Dkt. No. 21 at ¶ 52. Plaintiff's factual allegations cannot support a finding that Defendants actually violated his constitutional rights when his factual allegations affirmatively negate his legal claims.

### ii. Plaintiff's *class-of-one* claim, too, fails

Establishing a *class of one* claim requires a Plaintiff to show that "an illegitimate animus or ill-will motivated [his] intentionally differrent treatment from others similarly

---

[4] It is worth noting here that the causation distinction is not a matter of pure form in any event. Defining the scope of Plaintiff's claims will assist the parties, and ultimately this court, by focusing the disputed issues in this case and permitting the parties to efficiently undertake discovery in this matter.

[5] Even if Defendants did place a block on his records, a block in and of itself would not amount to a deprivation of constitutional proportions. That is especially the case where Plaintiff clearly was able to continue pursuing his academic interests at another institution of higher education. *See* Dkt. No. 5 at pp. 8-11.

situated *and* that no rational basis existsed for such treatment." *Shipp v. McMahon*, 234 F.3d 907, 916 (5th Cir. 2000), *overruled in part on other grounds by*, *McClendon v. City of Columbia*, 305 F.3d 314, 328-29 (5th Cir. 2002) (en banc). Assuming for purposes of this motion the truth of Plaintiff's assertions, Plaintiff has not identified any similarly situated medical school students that received different treatment than he or that no rational basis existed for such treatment in any event. Consequently, Plaintiff failed to state a claim under a *class-of-one* theory.

Accordingly, Defendants assert that Plaintiff's allegations do not present facts sufficient to show that his discrimination claim under the ADA also establishes an *actual* Fourteenth Amendment violation that would overcome Defendants' entitlement to sovereign immunity in this case.

## CONCLUSION

Plaintiff's claims against Defendants Texas A&M University College of Medicine, Michael K. Young, and Paul Ogden, M.D., should be dismissed.

Dated: July 7, 2016.

Respectfully submitted,

KEN PAXTON
Attorney General of Texas

JEFFREY C. MATEER
First Assistant Attorney General

BRANTLEY STARR
Deputy First Assistant Attorney General

JAMES E. DAVIS
Deputy Attorney General for Civil Litigation

ANGELA V. COLMENERO
Chief, General Litigation Division

*/s/  Eric A. Hudson*
ERIC A. HUDSON
Assistant Attorneys General
Attorney-in-Charge
Texas Bar No. 24059977
Southern District ID No. 1000759
Office of the Attorney General - 019
General Litigation Division
P.O. Box 12548, Capitol Station
Austin, Texas 78711
Telephone (512) 475-4082
Facsimile: (512) 320-0667
eric.hudson@texasattorneygeneral.gov
*Attorneys for Defendants*

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing was filed electronically with the Court and delivered by CM/ECF on July 7, 2016, to:

          /s/  Eric A. Hudson
          ERIC A. HUDSON
          Assistant Attorney General