UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| DANYAL SHAIKH | § | |
| | § | |
| V. | § | CIVIL ACTION NO. 4:16-CV-00591-H |
| | § | |
| TEXAS A&M UNIVERSITY COLLEGE | § | |
| OF MEDICINE, MICHAEL K. YOUNG, | § | |
| PAUL OGDEN, M.D., AND MICHAEL L. | § | |
| BROWN, M.D. | § | |

## DEFENDANT MICHAEL L. BROWN, M.D.'S MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM

TO THE HONORABLE JUDGE LYNN N. HUGHES:

COMES NOW, Michael L. Brown, M.D. (hereinafter "Dr. Brown"), a defendant in the above-entitled and numbered cause, files this Motion to Dismiss For Failure to State a Claim pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure and, in support of the same, would respectfully show the Court as follows:

## I.     NATURE OF CASE AND STAGE OF PROCEEDINGS

Plaintiff filed his Original Complaint on March 7, 2016 against Texas A&M University College of Medicine (hereinafter the "Medical School") and Michael K. Young, President of Texas A&M University. (Dkt. No. 1). On June 1, 2016, this Court permitted Plaintiff to amend his Complaint. (Dkt. No. 20). Plaintiff's First Amended Complaint was filed on June 1, 2016, and added new defendants Paul Ogden, M.D., Dean of the Medical School, and Michael L. Brown, M.D., a psychiatrist from whom Plaintiff alleges he received medical treatment. (Dkt. No. 21 at ¶¶ 7-8). Plaintiff sought leave to amend his Complaint again on June 7, 2016. (Dkt. No. 28).

Plaintiff essentially claims he was misdiagnosed by Dr. Brown, which caused him to endure stress and a "permanent record of being withdrawn from" the Medical School. (Dkt. No. 21 at ¶¶ 44-46). Plaintiff's current allegations include causes of action against the Medical School, Michael K. Young and/or Defendant Paul Odgen, M.D. for discrimination through the Americans with Disabilities Act and the Rehabilitation Act, violations of his civil right to public education, breach of contract under 42 U.S.C. § 1983, and a cause of action for injunctive relief. (Dkt. No. 21 at ¶¶ 60-97; 103-108).

Plaintiff's sole allegation against Dr. Brown is that of negligence. He claims that Dr. Brown's care and treatment of Plaintiff violated the relevant professional standards and violated a duty of care Dr. Brown owed Plaintiff. (Dkt. No. 21 at ¶¶ 98-99). However, Plaintiff asserts this both as a claim for "medical negligence" and a claim for "common law negligence" based on the same allegations of fact. (Dkt. No. 21 at ¶¶ 100-101). Specifically, Plaintiff alleges that Dr. Brown was a "TAMU staff, employee or agent [who] began treatment on Plaintiff and diagnosed him with Test Phobia, Anxiety and Depression" when Plaintiff actually suffered from a Pituitary Tumor resulting in abnormal hormone levels. (Dkt. No. 21 at ¶¶ 25, 46-48). Plaintiff also contends that the acts and omissions complained of as to Dr. Brown constitute gross negligence. (Dkt. No. 21 at ¶ 102).

Defendants Texas A&M University College of Medicine, Michael K. Young, and Paul Ogden, M.D. have previously filed motions to dismiss that are currently pending before this Court. (Dkt. Nos. 5, 35).

## II. STATEMENT OF THE ISSUES

The sole issue before the Court presented by Dr. Brown's Motion to Dismiss is whether Plaintiff has failed to state a claim upon which relief can be granted because his state law negligence claims against Dr. Brown are barred by the applicable statute of limitations.

## III. RULE 12(B)(6) STANDARD PROVIDES FOR DISMISSAL

Rule 12(b)(6) authorizes federal courts to dismiss a pleading for "failure to state a claim upon which relief can be granted." FED. R. CIV. P. 12 (b)(6). To survive a motion to dismiss, a complaint must contain sufficient facts, accepted as true, to "state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v Twombly*, 550 U.S. 544, 570 (2007). In *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), the United State Supreme Court explained that there were two principles of its holding in *Twombly*. First, the requirement that a court accept all allegations as true does not apply to legal conclusions. *Id*. at 678. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*.

Second, a claim can only survive a motion to dismiss when it states a plausible claim for relief. *Id*. at 679. When a pleading states facts that are "merely consistent with" liability, it fails to show the plausibility of "entitlement to relief." *Id*. at 678 (citing *Twombly*, 550 U.S. at 557). To have "facial plausibility," a pleading must contain factual content to allow the trial court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id.* (citing *Twombly*, 550 U.S. at 556). When a pleading fails to meet these requirements, it fails to state a claim as required by the Federal Rules of Civil Procedure and should be dismissed.

A Rule 12(b)(6) motion is a proper procedural vehicle to seek dismissal when, on the face of a plaintiff's own complaint, his claim is barred by the controlling statute of limitations. *Jones v. Bock*, 549 U.S.199, 215 (2007); *see also Abecassis v. Wyatt*, 785 F.Supp.2d 614, 651 (S.D.

Tex. 2011) ("A motion to dismiss for failure to state a claim under Rule 12(b)(6) is a valid means to raise a statute of limitations defense.").

## IV.    PLAINTIFF FAILS TO STATE A CLAIM FOR NEGLIGENCE AS TO DEFENDANT DR. BROWN

Plaintiff has asserted state law negligence claims against Dr. Brown.  (Dkt. No. 21 at ¶¶ 98-102).   These state law claims are governed by the applicable Texas statute of limitations, which expired prior to Plaintiff bringing suit against Dr. Brown.

### A.   Plaintiff's claim is a health care liability claim under Texas law

Chapter 74 of the Texas Civil Practices and Remedies Code establishes a "health care liability claim" as:

> . . . a cause of action against a health care provider or physician for treatment, lack of treatment, or other claimed departure from accepted standards of medical care, or health care, or safety or professional or administrative services directly related to health care, which proximately results in injury to or death of a claimant, whether the claimant's claim or cause of action sounds in tort or contract. . . .

TEX. CIV. PRAC. & REM. CODE ANN. § 74.001(13).

Plaintiff's factual allegations include that Dr. Brown is a psychiatrist.  (Dkt. No. 21 at ¶¶ 24).  Thus, the element of a health care liability claim that the claim be a cause of action against a physician is satisfied.  Further, Plaintiff alleges that Dr. Brown was a "TAMU staff, employee or agent [who] began treatment on Plaintiff and diagnosed him with Test Phobia, Anxiety and Depression" when Plaintiff actually suffered from a Pituitary Tumor resulting in abnormal hormone levels.  (Dkt. No. 21 at ¶¶ 25, 46-48).  Plaintiff claims that during the time that Dr. Brown treated Plaintiff, "Dr. Brown never ran any blood work or tests on Plaintiff to determine the cause of Plaintiff's symptoms."  (Dkt. No. 21 at ¶¶ 26).  Plaintiff alleges that Dr. Brown put Plaintiff on "medications without a thorough determination or physical exam of Plaintiff's

symptoms." *Id.*  Plaintiff further alleges that his "symptoms worsened because the anti-depressants which were prescribed by Dr. Brown had the opposite effect on Plaintiff's true medical condition" and that "Dr. Brown should have ordered a simple blood test which would have easily detected abnormal hormone levels . . . ."  (Dkt. No. 21 at ¶¶ 29, 46).

Based on these factual allegations, Plaintiff alleges that Dr. Brown violated the relevant professional standards and a duty of care owed to Plaintiff.  (Dkt. No. 21 at ¶¶ 98-99).  Plaintiff's allegations establish that the claim is one for "treatment, lack of treatment, or other claimed departure from accepted standards of medical care . . . which proximately results in injury . . .  of a claimant . . . ."  TEX. CIV. PRAC. & REM. CODE ANN. § 74.001(13).  Thus, it is a health care liability claim under Texas law.

Although Plaintiff asserts both "medical negligence" and a claim for "common law negligence," negligence is only one cause of action, and Plaintiff's claims are based on the same allegations of fact.  Plaintiff's cause of action for common law negligence merely states the following:

> 100.   Plaintiff incorporates by reference all of the above related paragraphs, as well as those below, with the same force and effect as if fully set forth herein.
>
> 101.   Plaintiff contends that in addition to, and in the alternative to the foregoing, the Defendant was generally negligent under the common law, in the above referenced respects and particulars.

(Dkt. No. 21 at ¶ 100-101).  All allegations and causes of action Plaintiff pleads against Dr. Brown concern the plaintiff's medical diagnosis and treatment.

Texas law unambiguously holds that plaintiff cannot use artful pleading to avoid the substantive requirements established by Chapter 74 when the essence of the suit is a health care

liability claim. *Diversicare Gen. Partner, Inc. v. Rubio,* 185 S.W.3d 842, 851 (Tex. 2005).

Stated differently:

> A plaintiff cannot avoid the requirements of chapter 74 by attempting to recast a health care liability claim as a different cause of action . . . [i]f the factual allegations are related to the medical treatment provided by the defendant and constitute 'an inseparable part of [the defendant's] rendition of medical services,' then the plaintiff's claim is a health care liability claim.

*Wilson N. Jones Mem'l Hosp. v. Ammons,* 266 S.W.3d 51, 57 (Tex. App.—Dallas 2008, pet. filed) (internal citations omitted); *see also Hall v. Dow Corning Corp.*, 114 F.3d 73, 75-78 (5th Cir. 1997).  This is true even where a plaintiff attempts to completely abandon its health care liability claims in favor of alternative claims.  *See NCED Mental Health, Inc. v. Kidd,* 214 S.W.3d 28, 36–37 (Tex. App.—El Paso 2006, no pet.) (finding cause of action for sexual exploitation under section 81.006 of the Civil Practice and Remedies Code a health care liability claim).  Because the totality of Plaintiff's allegations as to Dr. Brown are that Dr. Brown misdiagnosed and mistreated his medical condition, Plaintiff's cause of action is properly considered a "health care liability claim" governed under Chapter 74 of the Texas Civil Practice and Remedies Code.

### B.  Plaintiff's claims are subject to a two-year limitations period

Chapter 74 provides that health care liability claims must be brought "within two years from the occurrence of the breach or tort or from the date the medical or health care treatment that is the subject of the claim or the hospitalization for which the claim is made is completed." TEX. CIV. PRAC. & REM. CODE § 74.251.  Texas law makes no allowance for a "discovery" rule when the act complained of is misdiagnosis; the commencement date is not tolled until the plaintiff "knows or has reason to know" of his injury.  *Mendoza v. Murphy*, 532 F.3d 342 (5th Cir. 2008) (analyzing TEX. REV. CIV. STAT. ANN. art. 4590i, § 10.01, *recodified at* TEX. CIV.

PRAC. & REM. CODE ANN. § 74.251); *see also Shah v. Moss*, 67 S.W.3d 836, 841 (Tex. 2001) (same holding); *Morrison v. Chan*, 699 S.W.2d 205, 208 (Tex. 1985) (affirming that the clear intent of the legislature in passing section 10.01 was to abolish the discovery rule). A cause of action for medical malpractice premised upon an alleged misdiagnosis and mistreatment accrues on the last date of treatment. *Cantrell v. Wyeth*, No. 3:03-CV-01659, 2003 WL 22251079 at *3 (N.D. Tex. Sept. 19, 2003) (mem. op.) (Fish, C.J.) (citing *Rowntree v. Hunsucker*, 833 S.W.2d 103, 108 (Tex. 1992) ("when the complaint is that the defendant instituted an improper course of treatment based upon a misdiagnosis, the last date of such mistreatment is the date the statute begins to run")).

Plaintiff's First Amended Complaint alleges that:

25.     On February 2013, Dr. Brown, a TAMU staff, employee or agent began treatment on Plaintiff and diagnosed him with Test Phobia, Anxiety and Depression.

26.     Dr. Brown treated Plaintiff from February 2013 till December 2013. During this time, Dr. Brown never ran any blood work or tests on Plaintiff to determine the cause of Plaintiff's symptoms. Instead, he put plaintiff on anti-depressants, anxiety and blood pressure medications without a thorough determination or physical exam of Plaintiff's symptoms. Dr. Brown not only treated Plaintiff in his capacity as a TAMU staff but also in his individual capacity at his private office at Scott and White, College Station on a number of occasions.

(Dkt. No. 21 at ¶¶ 25-26).

Accordingly, Plaintiff's First Amended Complaint contends that all medical treatment Plaintiff received from Dr. Brown concluded no later than December 31, 2013. The Plaintiff has not alleged that he provided Chapter 74 pre-suit notice of his claim against Dr. Brown in order to extend limitations. However, even if proper notice was provided, limitations would only be extended 75 days, which at most would extend the limitations period to March 15, 2016. TEX. CIV. PRAC. & REM. CODE § 74.051. Plaintiff did not file suit against Dr. Brown until June 1,

2016, via Plaintiff's First Amended Complaint.  (Dkt. No. 21).  The facts as alleged in Plaintiff's First Amended Complaint establish that any claim as to Dr. Brown must have been brought, at the latest, on or before December 31, 2015 to be considered timely under the applicable statute of limitations, because that date is two years after Plaintiff alleges his treatment from Dr. Brown ceased.  (Dkt. No. 21 para. 26); TEX. CIV. PRAC. & REM. CODE § 74.251.  Plaintiff's claims against Dr. Brown were brought six months after the limitations period expired, are time-barred on their face, and should therefore be dismissed.

## V.     CONCLUSION

Plaintiff's claims, whether asserted as medical negligence or common law negligence, are health care liability claims and were not timely filed under the applicable statute of limitations. Therefore, all claims against Defendant Michael L. Brown, M.D. in Plaintiff's First Amended Complaint, including the claims for medical negligence, common law negligence, and gross negligence, should be dismissed.

**WHEREFORE, PREMISES CONSIDERED**, Defendant Michael L. Brown, M.D. respectfully prays that his Motion to Dismiss, upon hearing, be granted in all things, that judgment be rendered in favor of Dr. Brown on all claims by Plaintiff, and that the Court grant Dr. Brown such other and further relief, both at law and equity, to which he may justly be entitled.

Respectfully submitted,

**COOPER & SCULLY, P.C.**

By:    */s/ John A. Scully*
      **JOHN A. SCULLY**
      Attorney-in-Charge
      State Bar No. 17936500
      Southern District ID No. 16655
      john.scully@cooperscully.com
      **NISHA P. BYERS**
      State Bar No. 00791460
      nisha.byers@cooperscully.com

Founders Square, Suite 100
900 Jackson Street
Dallas, Texas 75202
Telephone:  (214) 712-9500
Facsimile:  (214) 712-9540

**ATTORNEYS FOR DEFENDANT
MICHAEL L. BROWN, M.D.**

## CERTIFICATE OF SERVICE

        This is to certify that a true and correct copy of the above and foregoing document has been served upon all counsel of record via eservice on this 22nd day of July, 2016:

Martin J. Cirkiel
State Bar No. 00783829
LAW OFFICES OF CIRKIEL & ASSOCIATES, PC
1901 E. Palm Valley Blvd.
Round Rock, TX  78664
Phone:  512-244-6658
Fax:  512-244-6014
marty@cirkiellaw.com

Chigozie F. Odediran
Donald G. Henslee
LAW OFFICE OF DONALD G. HENSLEE
901 Mopac Expressway South, Suite 300
Austin, TX 78746
Phone: 512-320-9177
Fax: 512-597-1455
codediran@school-law.com

Eric A. Hudson
Assistant Attorneys General
Attorney-in-Charge
Office of the Attorney General – 019
General Litigation Division
P.O. Box 12548, Capitol Station
Austin, TX 78711
Phone: 512-463-4058
Fax: 512-320-0667
eric.hudson@texasattorneygeneral.gov


                                    __/s/ Nisha P. Byers_____
                                    **NISHA P. BYERS**