UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| DANYAL SHAIKH | § | |
| | § | |
| V. | § | CIVIL ACTION NO. 4:16-CV-00591-H |
| | § | |
| TEXAS A&M UNIVERSITY COLLEGE | § | |
| OF MEDICINE, MICHAEL K. YOUNG, | § | |
| PAUL OGDEN, M.D., AND MICHAEL L. | § | |
| BROWN, M.D. | § | |

---

**DEFENDANT MICHAEL L. BROWN, M.D.'S REPLY IN SUPPORT OF
MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM**

---

TO THE HONORABLE JUDGE LYNN N. HUGHES:

 **COMES NOW**, Michael L. Brown, M.D. (hereinafter "Dr. Brown"), a defendant in the above-entitled and numbered cause, and files this Reply in Support of Motion to Dismiss for Failure to State a Claim.  In support hereof, this Defendant would respectfully show the Court as follows:

## I.   INTRODUCTION

 Dr. Brown seeks dismissal of Plaintiff's claims against him pursuant to Rule 12(b)(6) as such claims are barred by the applicable two-year statute of limitations period.  [Dkt. No. 43].  It is undisputed that Plaintiff's claims against Dr. Brown are health care liability claims, and thus are subject to a two-year statute of limitations pursuant to Chapter 74 of the Texas Civil Practice and Remedies Code.  [Dkt. No. 46, pp. 5 ¶15, 6 ¶17].  As Plaintiff's claims against Dr. Brown relate to an alleged misdiagnosis, the two-year statute of limitations period began to run on the

---

date of Plaintiff's last day of treatment with Dr. Brown, which according to Plaintiff was sometime in December 2013.  [Dkt. No. 21, p. 4 ¶26; Dkt. No. 46, pp. 3 ¶8, 6 ¶16].[1]

Plaintiff failed to allege in his Complaint that he provided Dr. Brown with the proper pre-suit notice as required by Texas law, nor has he alleged in Plaintiff's Response to the Motion to Dismiss ("Plaintiff's Response") that he provided such notice.  [*See* Dkt. No. 21; Dkt. No. 46]. Where such pre-suit notice is provided, the plaintiff would have an additional 75 days in which to timely file suit.  However, as Plaintiff's pleadings fail to establish any basis for the application of the additional 75 days, Plaintiff had until December 31, 2015, at the latest, to timely file suit against Dr. Brown.  Instead, Plaintiff waited until June 1, 2016, approximately five months after the applicable limitations period expired.  [Dkt. No. 21].

In Plaintiff's Response, he presents two arguments in an effort to save his time-barred claims against Dr. Brown from dismissal.  First, Plaintiff argues that a dismissal based on the statute of limitations and pursuant to Rule 12(b)(6) is inappropriate at this juncture because he has not been given time to conduct discovery.  Further, Plaintiff asserts that the Texas open courts doctrine applies to save his otherwise time-barred claims against Dr. Brown.

Both of Plaintiff's arguments are without merit.  Not only does this Court have the authority to dismiss claims that are time-barred on the face of the pleadings pursuant to Rule 12(b)(6), but the open courts doctrine does not apply to otherwise save Plaintiff's claims.  As such, Dr. Brown respectfully requests for this Court to dismiss all of Plaintiff's claims against him for failure to state a claim.

---

[1] Although Plaintiff throughout his Response refers to his Second Amended Complaint, Plaintiff has not been granted permission by this Court to file same.  [*See* Dkt. No. 28; Dkt. No. 29).  As such, Dr. Brown solely refers to the First Amended Complaint in this reply although the relevant factual allegations are not substantially different.

## II.    ARGUMENT

### A.  A Rule 12(b)(6) Motion to Dismiss is proper to assert the statute of limitations.

Plaintiff argues that a Rule 12(b)(6) Motion to Dismiss is not the proper vehicle for this Court to address whether his claims against Dr. Brown are barred by the applicable statute of limitations.  Plaintiff takes the position that issues regarding statute of limitations can only be addressed in a motion for summary judgment because under Texas law he is allowed the opportunity to conduct discovery.  Plaintiff erroneously relies on the Texas Rules of Civil Procedure in support of this position and fails to note the fact that discovery on the statute of limitations issue would be futile, as his claims are time-barred on the face of his pleadings.

First, relying on the Texas Rules of Civil Procedure is misplaced.  The law is well-established that as to state law claims brought in federal court based on supplemental jurisdiction (as is the alleged basis for jurisdiction against Dr. Brown), the Federal Rules of Civil Procedure apply.  *See Hoyos v. Telecorp Communications, Inc.,* 488 F.3d 1, 5 (1st Cir. 2007) ("A federal court…exercising supplemental jurisdiction over state law claims must apply state substantive law, but a federal court applies federal rules of procedure to its proceedings.").

Moreover, federal law provides that a federal district court can dispose of time-barred claims through a Rule 12(b)(6) motion to dismiss.  In fact, the United States District Court for the Southern District of Texas, Houston Division, has addressed this very issue, holding, "[a] statute of limitations may support dismissal under Rule 12(b)(6) ***where it is evident from the plaintiff's pleadings that the action is barred and the pleadings fail to raise some basis for tolling or the like***."  *Pickaree v. Eli Lily Pharmaceutical, Co.*, 2015 WL 1800481 (S.D. Tex. 2015) (emphasis added).  Here, it is evident from Plaintiff's pleadings that his claims against Dr. Brown are barred by the two-year statute of limitations and that no issue has been raised

concerning a basis for extending the limitations period.  Plaintiff does not need to conduct discovery.  The facts as alleged by Plaintiff demonstrate the untimeliness of his claims against Dr. Brown.

According to Plaintiff, his last date of treatment with Dr. Brown was in December 2013, and he discovered Dr. Brown's alleged misdiagnosis in June 2015 (which is prior to the expiration of the two-year limitations period).  [Dkt. No. 21, p. 4, ¶26; Dkt. No. 46, pp. 3 ¶8, 4 ¶11, 6 ¶16].  Plaintiff also agrees that the discovery rule does not apply.  [Dkt. No. 46, p. 6 ¶17].  Although he filed his initial Complaint against Defendants Texas A&M University and Michael K. Young on March 7, 2016, he failed to include claims against Dr. Brown.  [Dkt. No. 1].  Instead, he waited until May 6, 2016 to seek leave of Court to amend his complaint, and on June 1, 2016 filed suit against Dr. Brown.  [Dkt. No. 16; Dkt. No. 21].  Based on Plaintiff's own pleadings, he failed to file suit against Dr. Brown by December 31, 2015, the latest possible expiration date of the applicable limitations period.  Accordingly, this Court is well within its discretion to dismiss Plaintiff's claims against Dr. Brown under Rule 12(b)(6) for failure to state a claim.

**B.  The open courts doctrine does not apply.**

Plaintiff's argument regarding application of the open courts doctrine is without merit.  If a plaintiff discovers his claim within the two-year limitations period but fails to sue by the deadline, the open courts provision of the Texas Constitution has not been violated.  *O'Reilly v. Wiseman*, 107 S.W.3d 699, 709 (Tex. App. – Austin 2003, pet. denied) (plaintiff learned of alleged injury four months prior to the expiration of the statute of limitations); *Thomas v. Jayakumar*, 2016 WL 640629 (Tex. App. – Houston [1st Dist.], no. pet. h.) (mem. op.) (plaintiff learned of alleged injury approximately one year prior to the expiration of the statute

of limitations); *Davila v. Vanover*, 2003 WL 22187161, *4-6 (Tex. App. – San Antonio 2003, no pet.) (mem. op.) (plaintiff learned of alleged injury approximately nine months prior to the expiration of the statute of limitations); *Clements v. Conard*, 21 S.W.3d 514, 518, 520 (Tex. App. – Amarillo 2000, pet. denied) (plaintiff learned of alleged injury approximately fifteen months prior to the expiration of the statute of limitations).

In *Thomas*, the court held that the plaintiff failed to raise a fact issue on open courts – that is, whether the nature of her claim made it impossible or exceedingly difficult to discover and bring suit within the two-year statute of limitations period. *Id.* at *4. During the plaintiff's previous lap band surgery in 2001, the surgeon left a piece of silastic tubing in her abdomen. *Id.* at *1. Thereafter, in November 2011, the plaintiff had gastric bypass surgery and the new surgeon did not discover and remove the tubing. *Id.* It was not until December 2012 that the plaintiff became aware of the tubing left inside her abdomen from her prior lap band surgery, following her presentation to the emergency room for severe abdominal pain. *Id.* During that ER visit, she underwent a CT scan, which revealed a foreign object in her abdomen. *Id.* The ER doctors recommended the plaintiff see a surgeon to have it removed. *Id.* For various reasons, including lack of health insurance, the plaintiff did not have the tubing removed until November 2013. *Id.* The plaintiff filed suit on April 21, 2014, more than two years after the surgeon failed to discover and remove the tubing during her gastric bypass surgery. *Id.* at *2. The trial court granted summary judgment based on limitations, and the plaintiff appealed on grounds that the application of the two-year statute of limitations period violated the open courts provision of the Texas Constitution. *Id.* at *3.

On appeal, the court noted that the plaintiff alleged her surgeon committed malpractice on November 14, 2011, when he failed to discover and remove the tubing from the 2001 lap

band surgery. *Id.* at *4. The court further noted that the plaintiff admitted in her affidavit that the ER physician who found the tubing in her abdomen in December 2012 recommended that she have it removed. *Id.* The court of appeals concluded that she had knowledge of her injury in December 2012, at which time she had more than eleven months to timely file her medical malpractice claims. *Id.* For that reason, the court held that the open courts provision did not apply to save her time-barred claim as she could not raise a fact issue showing she did not have a reasonable opportunity to discover her claim and file suit within the limitations period, or that the nature of her injury made it impossible or exceedingly difficult to discover within the limitations period. *Id.* at *4-5.

Here, Plaintiff asserts that he became aware of his alleged misdiagnosis claims against Dr. Brown in June 2015, when he alleges that he learned that he suffered from a brain tumor rather than from a psychiatric condition. [Dkt. No. 46, p. 8 ¶16]. Therefore, Plaintiff had knowledge of his alleged injury in June 2015, which was well within the applicable two-year statute of limitations period. In fact, Plaintiff had at least five months after discovering his alleged misdiagnosis to timely file his medical malpractice lawsuit against Dr. Brown, but failed to do so. If he provided pre-suit notice, he would have had an additional 75 days. As in *Thomas*, Plaintiff cannot show that the open courts doctrine applies to save his otherwise time-barred claim, given that he discovered his alleged injury well before the two-year statute of limitations expired. Plaintiff cannot show that he did not have a reasonable opportunity to discover his claims against Dr. Brown and file suit within the limitations period or that the nature of his injury made it impossible or exceedingly difficult to discover within the limitations period.

For all these reasons, Dr. Brown seeks dismissal of Plaintiff's claims against him under Rule 12(b)(6).  As a matter of law, Plaintiff cannot demonstrate that he timely filed suit against Dr. Brown.  The two-year statute of limitations ran, at the latest, on December 31, 2015.  Although Plaintiff admits he discovered the alleged injury in June 2015, prior to the running of the limitations period, he waited until June 1, 2016 to pursue those claims.  Because he discovered his alleged injury within the statute of limitations period, the open courts doctrine does not apply to otherwise save his untimely claims.

### III.    CONCLUSION

A Rule 12(b)(6) motion to dismiss is appropriate to assert the statute of limitations as, on the face of Plaintiff's pleadings, Plaintiff's claims against Dr. Brown in this lawsuit were not timely filed in accordance with the two-year statute of limitations period provided by Texas law.  As such, Dr. Brown is entitled to dismissal from this lawsuit with prejudice.

WHEREFORE, PREMISES CONSIDERED, Defendant Michael L. Brown, M.D., respectfully prays that his Motion to Dismiss, upon hearing, be granted in all things, that judgment be rendered in his favor on all claims of Plaintiff, and that the Court grant Dr. Brown such other and further relief to which he may justly be entitled.

Respectfully submitted,

**COOPER & SCULLY, P.C.**

By:    */s/ John A. Scully*              
      **JOHN A. SCULLY**
      Attorney-in-Charge
      State Bar No. 17936500
      Southern District ID No. 16655
      john.scully@cooperscully.com
      **NISHA P. BYERS**
      State Bar No. 00791460
      nisha.byers@cooperscully.com

Founders Square, Suite 100
900 Jackson Street
Dallas, Texas 75202
Telephone:  (214) 712-9500
Facsimile:  (214) 712-9540
**ATTORNEYS FOR DEFENDANT
MICHAEL L. BROWN, M.D.**

## <u>CERTIFICATE OF SERVICE</u>

This is to certify that a true and correct copy of the above and foregoing document has been served upon all counsel of record via eservice on this 2nd day of September, 2016:

Martin J. Cirkiel
State Bar No. 00783829
LAW OFFICES OF CIRKIEL & ASSOCIATES, PC
1901 E. Palm Valley Blvd.
Round Rock, TX  78664
Phone:  512-244-6658
Fax:  512-244-6014
marty@cirkiellaw.com

Chigozie F. Odediran
Donald G. Henslee
LAW OFFICE OF DONALD G. HENSLEE
901 Mopac Expressway South, Suite 300
Austin, TX 78746
Phone: 512-320-9177
Fax: 512-597-1455
codediran@school-law.com

Eric A. Hudson
Assistant Attorneys General
Attorney-in-Charge
Office of the Attorney General – 019
General Litigation Division
P.O. Box 12548, Capitol Station
Austin, TX 78711
Phone: 512-463-4058
Fax: 512-320-0667
eric.hudson@texasattorneygeneral.gov


   __/s/ Nisha P. Byers_____
**NISHA P. BYERS**