IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| DANYAL SHAIKH, § | |
|    *Plaintiff*, § | |
| § | |
| v. § | Civil Action No. 4:16-CV-00591 |
| § | |
| TEXAS A&M UNIVERSITY § | |
| COLLEGE OF MEDICINE and § | |
| MICHAEL K. YOUNG. § | |
|    *Defendants.* § | |

**DEFENDANT TEXAS A&M UNIVERSITY COLLEGE OF MEDICINE'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S SECOND AMENDED COMPLAINT**

TO THE HONORABLE U.S. DISTRICT COURT JUDGE LYNN N. HUGHES:

This matter returns to this district court following the United States Court of Appeals for the Fifth Circuit's opinion, issued as a mandate on July 12, 2018. Dkt. No. 54. The Fifth Circuit narrowed this case to a single remaining claim arising under the Rehabilitation Act of 1973 and a single remaining defendant, Texas A&M University College of Medicine ("TAMU"), leaving this court to address on remand any factual disputes necessary to resolve that claim.

Because this case returns following dismissal of the cause based on a motion to dismiss, in an abundance of caution, TAMU is filing this answer and affirmative defenses within fourteen days of the return from the Fifth Circuit. This answer, however, should act as a placeholder, and the TAMU asserts that the plaintiff should be required to refile his suit to remove extraneous facts and causes of action and permit filing of answer that limits the issues in this case to sole remaining claim.

1

**ORIGINAL ANSWER AND AFFIRMATIVE AND OTHER DEFENSES**

Pursuant to Federal Rule of Civil Procedure 8(b), Defendant Texas A&M University College of Medicine denies each allegation contained in Plaintiff's Second Amended Complaint except for those expressly admitted herein. The numbered paragraphs and headings herein correspond to the paragraphs and headings within the body of Plaintiff's Second Amended Complaint.

## I.   BRIEF INTRODUCTION

Defendant admits that Plaintiff was a third-year medical student at the Texas A&M Health Science Center College of Medicine and that Plaintiff provided documentation of the diagnosis of a pituitary tumor only after his withdrawal from TAMU. Defendant denies the remainder of the allegations in this paragraph.

## II.  JURISDICTION

1. Paragraph 1 does not contain assertions of fact to which a response is required.
2. Paragraph 2 does not contain assertions of fact to which a response is required.

## III. VENUE

3. Paragraph 3 does not contain assertions of fact to which a response is required.

## IV.  PARTIES

4. Defendant admits that Plaintiff was a student at Texas A&M University Health Science Center College of Medicine ("TAMHSC" herein) in College Station. Defendant does not have sufficient knowledge to admit or deny where plaintiff resided as a student or where he currently resides.
5. Defendant admits that Texas A&M Univeristy Health Science Center is a member of The Texas A&M University System, an agency of the State of Texas is an institution of higher education located in College Station, Brazos County, Texas.

2

6. Defendant admits that Michael K. Young is the President of Texas A&M University.

7. Defendant denies that Michael L. Brown and Paul Odgen are Defendants. The remainder of the paragraph does not contain assertions of fact to which a response is required.

8. Defendant denies that service to Paul Ogden should be perfected through President Michael K. Young.

9. Defendant denies that Michael L. Brown is a Defendant.

## V. ABOUT DEFENDANT TEXAS A&M HEALTH SCIENCE CENTER COLLEGE OF MEDICINE

10. Admit

11. Defendant admits that the Texas A&M University Student Rules are applicable to students. Defendant denies the remainder of the paragraph.

12. Defendant admits that the first acceptance period of student occurs around December and these students perform exceptionally well on their undergraduate GPA, participate in extracurricular activities, perform well on the Medical College Admissions Text and are generally well-rounded and qualified. Defendant further admits that a second acceptance cycle occurs and that the students can be accepted or waitlisted. Defendant denies the remainder of the paragraph.

## VI. ABOUT PLAINTIFF DANYAL SHAIKH

13. Admit.

14. Defendant denies that Plaintiff became a student in May 2010.

15. Defendant denies that Plaintiff was accepted in December 2009 and that he was accepted early (pre-matched) into the admission process due to his academic achievements.

16. Defendant admits that Plaintiff graduated Magna Cum Laude with a Bachelor of Science Degree from Texas A&M University and that Plaintiff had a 2.44 GPA when he withdrew from TAMHSC **OR** (Denies that Plaintiff had academic success at TAMHSC College of Medicine).

17. Defendant admits that Plaintiff spoke with Dr. McCord about not being ready to take the exam. Defendant does not have sufficient knowledge to admit or deny the remainder of the paragraph.

18. Defendant does not have sufficient knowledge to admit or deny this paragraph.

19. Defendant admits that Plaintiff contacted McCord in September and said his studying was going poorly due to poor concentration attributed to his family situation (his parents divorcing). Defendant admits that TAMHSC provides free counseling services to enrolled medical students.

20. Defendant admits that Plaintiff took the USMLE Step 1 exam on 11-29-12 and that he did not pass. Defendant does not have sufficient knowledge to admit or deny the remainder of the paragraph.

21. Defendant admits that, in lieu of continued independent study that would have required Shaikh to continue to pay tuition, Shaikh requested a leave of absence in January 2013 to study for the USMLE Step 1 exam. Defendant denies the remainder of the paragraph.

22. Defendant admits that TAMHSC provides free counseling services to enrolled medical students. Defendant does not have sufficient knowledge to admit or deny the remainder of this paragraph.

23. Defendant admits that there were multiple providers for the counseling services in the list provided by Dr. Fallon.

24. Defendant does not have sufficient knowledge to admit or deny this paragraph.

25. Defendant denies that Dr. Michael Brown was an agent psychiatrist. Defendant does not have sufficient knowledge to admit or deny the remainder of the paragraph.

26. Defendant admits that Dr. Brown stated in his December 23, 2013 letter that he saw Plaintiff in February 2013 and that he diagnosed Plaintiff with Test Phobia and Anxiety. Defendant denies that Dr. Brown was a TAMU staff, employee or agent and that there was a diagnosis of depression.

27. Defendant admits that Plaintiff was seen by Dr. Brown from February, September, and twice in December 2013. Defendant denies that Dr. Brown treated Plaintiff as a TAMU Staff. Defendant does not have sufficient knowledge to admit or deny the remainder of the paragraph.

28. Defendant admits that Plaintiff was given multiple deadlines and extensions to take the USMLE exam by the Student Promotion Committee. Defendant does not have sufficient knowledge to admit or deny the remainder of the paragraph.

29. Defendant admits that the outcome of failure to take the USMLE by the deadline could result in dismissal and that additional extension was granted by the Student Promotion Committee and Dr. Ogden. Defendant does not have sufficient knowledge to admit or deny the remainder of the paragraph.

30. Defendant does not have sufficient knowledge to admit or deny this paragraph.

31. Defendant admits that Plaintiff did not take the USMLE during the time of his leave of absence. Defendant does not have sufficient knowledge to admit or deny the remainder of this paragraph.

## VII. DANYAL SHAIKH IS DISMISSED FROM MEDICAL SCHOOL

32. Defendant admits that Plaintiff's leave of absence was granted for no more than one year of January 25, 2013 and that the Student Promotion Committee voted for his dismissal unless he withdrew prior to January 24, 2014 and that this deadline was extended multiple times. Denies that the Student Promotion Committee knew of Plaintiff's health challenges through his leave of absence.

33. Defendant admits that Plaintiff did not fail any of his classes prior to his withdrawal from TAMHSC and that he had progressed to the 3rd year of medical school. Defendant denies the remainder of this paragraph.

34. Defendant admits that Plaintiff appealed the dismissal decision and was given a new deadline to take the USMLE or he would be dismissed unless he withdrew. Defendant further admits that after Plaintiff signed his withdrawal paper dated March 31, 2014, TAMHSC agreed to wait to approve the withdrawal until the upcoming USMLE exam. Defendant does not have sufficient knowledge to admit or deny why Plaintiff chose to withdraw.

35. Defendant admits that Dr. Ogden urged Plaintiff to withdraw, take the USMLE exam or be dismissed. Defendant does not have sufficient knowledge to know what impression Plaintiff had.

36. Defendant admits that Plaintiff decided to withdraw from TAMHSC as a third-year medical student. Defendant denies that Plaintiff had just one year to complete medical school and that he was compelled to withdraw. Defendant does not have sufficient knowledge of the reason why Plaintiff decided to withdraw.

37. Defendant admits that Dr. McCord told Plaintiff that Dr. Ogden told him that if Plaintiff was accepted for readmission, he would be willing to seriously entertain

6

such a recommendation from the Admissions Committee, and to review where Plaintiff was placed in the curriculum. Defendant denies the remainder of the paragraph.

38. Defendant admits that his transcript was blocked after he withdrew due to a financial aid chargeback for financial aid he collected while he was on leave of absence and not enrolled in classes. Defendant denies the remainder of the paragraph.

39. Defendant admits that he applied for admission to the College of Medicine in Fall 2014. Defendant denies that College of Medicine faculty represented to Plaintiff that he would be readmitted. Defendant does not have sufficient knowledge to know the basis for the reason Plaintiff applied.

40. Defendant denies this paragraph.

41. Defendant admits that he was denied re-admission to the College of Medicine. Defendant denies the remainder of the paragraph.

42. Defendant admits that Dr. Maldonado told Plaintiff that the Admissions Committee considered him an unacceptable applicant. Defendant denies that Dr. Maldonado told Plaintiff that he was a liability for psychiatric reasons.

43. Defendant do not have sufficient knowledge to admit or deny this paragraph.

44. Defendant admits that Plaintiff submitted the TAMHSC Secondary Application a second time in June 2015 for readmission and that he submitted letters of support from Drs. Odgen and McCord. Defendant denies that Plaintiff submitted the Texas Medical and Dental Standard Application Service application in June 2015 due to irregularities in his application.

45. Defendant does not have sufficient knowledge to admit or deny whether Plaintiff was getting better with medication and denies that Dr. Brown was TAMU's psychiatrist.

46. Defendant does not have sufficient knowledge to admit or deny this paragraph.

47. Defendant does not have sufficient knowledge to admit or deny this paragraph.

48. Defendant denies that Dr. Susan Samson said in her August 13, 2015 letter that Plaintiff was diagnosed with Prolactinoma. Defendant admits that Dr. Susan Samson in the same letter said that the macroadenoma tumor is producing high levels of prolactin which caused Plaintiff's testosterone levels to be very low. Defendant does not have sufficient knowledge to admit or deny this paragraph.

49. Defendant does not have sufficient knowledge to admit or deny this paragraph.

50. Defendant admits that Plaintiff reapplied for admission and that he was denied admission. Defendant denies the remainder of the paragraph.

51. Defendant denies that Maldonado told Shaikh to strengthen his re-application by taking the USMLE. Defendant admits that Maldonado advised Plaintiff to engage in health care and community service activities to strengthen his re-application.

52. Defendant denies advising Plaintiff to take the USMLE to strengthen his application while he was not a student. Defendant admits that only students enrolled in medical school are allowed to take the USMLE exam.

53. Defendant admits that Plaintiff enrolled to take the USMLE exam in February 2015 while he was not a student and that the USMLE contacted TAMHSC to confirm that Shaikh had withdrawn in 2014 and was not currently enrolled. Defendant does not have sufficient knowledge to admit or deny the remainder of the paragraph.

54. Defendant admits that Plaintiff attended Case Western University in the summer of 2014. Defendant does not have sufficient knowledge to admit or deny the remainder of the paragraph.

55. Defendant admits that Plaintiff was denied readmission to the College of Medicine twice. Defendant denies that TAMU staff advised Plaintiff to take the USMLE after he withdrew and that they advised him to enroll in the Masters of Anesthesiology program. Defendant does not have sufficient knowledge to admit or deny the remainder of the paragraph.

56. Denied.

## VIII. STATE ACTION

57. TAMU re-alleges and incorporates all previous admissions and denials as set forth in paragraphs 1-56.

58. TAMU re-alleges and incorporates all previous admissions and denials as set forth in paragraphs 59-109..

59. Defendant admits that TAMU during the time period related to the issues made the basis of this lawsuit acted in accordance with Federal and State law.

60. Defendant admits that TAMU received federal funds during the time period related to the issues made the basis of this lawsuit.

## IX. FIRST CAUSE OF ACTION – DISCRIMINATION UNDER THE AMERICANS WITH DISABILITIES ACT

61. This cause of action was dismissed by the Court of Appeals.

62. This cause of action was dismissed by the Court of Appeals.

63. This cause of action was dismissed by the Court of Appeals.

64. This cause of action was dismissed by the Court of Appeals.

65. This cause of action was dismissed by the Court of Appeals.

66. This cause of action was dismissed by the Court of Appeals.

67. This cause of action was dismissed by the Court of Appeals.

68. This cause of action was dismissed by the Court of Appeals.

69. This cause of action was dismissed by the Court of Appeals.

70. This cause of action was dismissed by the Court of Appeals.

### X. SECOND CAUSE OF ACTION
### DISCRIMINATION UNDER SECTION 504 OF THE
### REHABILITATION ACT OF 1973

71. Defendant admits that TAMU is a university that received federal funding during the time period relevant to the incidents made the basis of this lawsuit. The remainder of the paragraph does not contain allegations of fact that require a response except that Defendant disagrees with Plaintiff's interpretation of the 29 U.S.C. §794.

72. This paragraph contains legal conclusions to which no response is required. To the extent a response is required, it is denied.

73. Defendant do not have sufficient knowledge to admit or deny what a public entity as defined by Section 504 is as there is no definition of a public entity in the statute or in the regulations at 34. CFR 104.

74. Defendant admits that TAMU received federal financial assistance during all times relevant to the incidents made the basis of this lawsuit.

75. Defendant admits that TAMU is included in the definition of "program or activity" in Section 504 of the Rehabilitation Act. Defendant does not have sufficient

knowledge to admit or deny what a "program and services" under Section 504 of the Rehabilitation Act.

76. Defendant denies that, at all material times, Plaintiff was and is still able to perform the essential functions of a third-year medical student.

77. Defendant denies that it did not provide accommodations and modifications to the educational environment for Plaintiff so that he could remain in the program. Defendant further denies that it committed a violation of Plaintiff's rights under the Rehabilitation Act and another other federal rules or regulations.

78. Defendant denies that it discriminated against Plaintiff.

79. Defendant does not have sufficient knowledge to admit or deny whether Plaintiff was injured.

80. Defendant denies that they are liable to Plaintiff for any alleged damages.

81. Defendant denies that Plaintiff is entitled to an award of attorney fees and costs.

## XI.  THIRD CAUSE OF ACTION
## VIOLATION OF CIVIL RIGHTS – 42 U.S.C. SECTION 1983

82. This cause of action was dismissed by the Court of Appeals.

83. This cause of action was dismissed by the Court of Appeals.

84. This cause of action was dismissed by the Court of Appeals.

85. This cause of action was dismissed by the Court of Appeals.

86. This cause of action was dismissed by the Court of Appeals.

87. This cause of action was dismissed by the Court of Appeals.

88. This cause of action was dismissed by the Court of Appeals.

89. This cause of action was dismissed by the Court of Appeals.

90. This cause of action was dismissed by the Court of Appeals.

91. This cause of action was dismissed by the Court of Appeals.

## XII. FOURTH CAUSE OF ACTION-
## CONTRACTS CLAIM PURSUANT TO 42 U.S.C. §1981

92. This cause of action was dismissed by the Court of Appeals.

93. This cause of action was dismissed by the Court of Appeals.

94. This cause of action was dismissed by the Court of Appeals.

95. This cause of action was dismissed by the Court of Appeals.

96. This cause of action was dismissed by the Court of Appeals.

97. This cause of action was dismissed by the Court of Appeals.

98. This cause of action was dismissed by the Court of Appeals.

## XIII. FIFTH CAUSE OF ACTION –
## NEGLIGENCE OF DOCTOR MICHAEL BROWN, M.D.

### A. MEDICAL NEGLIGENCE

99. This cause of action was dismissed by the Court of Appeals.

100. This cause of action was dismissed by the Court of Appeals.

### B. COMMON LAW NEGLIGENCE

101. This cause of action was dismissed by the Court of Appeals.

102. This cause of action was dismissed by the Court of Appeals.

### C. GROSS NEGLIGENCE

103. This cause of action was dismissed by the Court of Appeals.

## XIV. SIXTH (CALLED FOURTH) CAUSE OF ACTION
## INJUNCTIVE RELIEF

104. This cause of action was dismissed and not appealed to the Fifth Circuit.

105. This cause of action was dismissed and not appealed to the Fifth Circuit.

106. This cause of action was dismissed and not appealed to the Fifth Circuit.

107. This cause of action was dismissed and not appealed to the Fifth Circuit.

108. This cause of action was dismissed and not appealed to the Fifth Circuit.

109. This cause of action was dismissed and not appealed to the Fifth Circuit.

## XV.  DAMAGES

110. Defendant denies that Plaintiff is entitled to any damages.

a. Defendant denies that Plaintiff is entitled to any damages.

b. Defendant denies that Plaintiff is entitled to any damages.

c. Defendant denies that Plaintiff is entitled to any damages.

d. Defendant denies that Plaintiff is entitled to any damages.

e. Defendant denies that Plaintiff is entitled to any damages.

f. Defendant denies that Plaintiff is entitled to any damages.

g. Defendant denies that Plaintiff is entitled to any damages.

h. Defendant denies that Plaintiff is entitled to any damages.

i. Defendant denies that Plaintiff is entitled to any damages.

j. Defendant denies that Plaintiff is entitled to any damages.

## PRAYER FOR RELIEF

Defendants re-allege and incorporate all previous admissions and denials as set forth in paragraphs 1-110. Defendants deny that Plaintiff is entitled to any of the relief as alleged in the Prayer of the Complaint. Plaintiff's requests should, therefore, be denied in their entirety with prejudice, and Plaintiff should take nothing from Defendants.

## I.     AFFIRMATIVE DEFENSES

1. TAMU asserts that accommodating plaintiff would have posed an undue hardship on the university.

2. TAMU asserts that permitting plaintiff to return to the medical program would have posed a direct threat to the health or safety of others in the workplace.

3. TAMU asserts that plaintiff failed to meet a qualification standard, test requirement, or selection criterion that is related to his attendance at TAMU and consistent with a necessity of the university.

## PRAYER FOR RELIEF

Defendant Texas A&M University College of Medicine respectfully requests that the Court enter judgment for it, and against Plaintiff, holding that Plaintiff take nothing by this action and award Defendant such further relief to which it is entitled, including costs and attorney's fees.

**Dated: July 26, 2018.**

**Respectfully submitted**,

**KEN PAXTON**
Attorney General of Texas

**JEFFERY C. MATEER**
First Assistant Attorney General

**BRANTLEY STARR**
Deputy First Assistant Attorney General

**JAMES E. DAVIS**
Deputy Attorney General for Civil Litigation

**ANGELA V. COLMENERO**
Chief - General Litigation

*/s/ Eric A. Hudson*
**ERIC A. HUDSON**
Texas Bar No. 24059977
Assistant Attorney General
General Litigation Division
P.O. Box 12548, Capitol Station
Austin, Texas 78711-2548
Telephone: (512) 463-2120
Facsimile: (512) 320-0667
***eric.hudson@oag.texas.gov***

**Counsel for Defendant**

## CERTIFICATE OF SERVICE

      I hereby certify that a true and correct copy of the foregoing was filed electronically with the Court and delivered by CM/ECF on July 26, 2018 to:

Mr. Donald G. Henslee
Ms. Chigozie F. Odediran
Law Office of Donald G. Henslee
901 Mopac Expressway South
Barton Oaks Plaza One Suite 300
Austin, Texas 78746
dhenslee@school-law.co
codediran@school-law.co

                                    /s/ *__Eric A. Hudson__*
                                    Eric A. Hudson
                                    Assistant Attorney General