IN THE UNITED STATES DISTRICT
COURT FOR THE SOUTHERN DISTRICT
OF TEXAS HOUSTON DIVISION

| | | |
|---|---|---|
| **DANYAL SHAIKH**<br>  *Plaintiff,* | §<br>§<br>§ | |
| v. | §<br>§ | Civil Action No. 4:16-CV-00591 |
| **TEXAS A&M UNIVERSITY**<br>**COLLEGE OF MEDICINE and**<br>**MICHAEL YOUNG**<br>  *Defendants.* | §<br>§<br>§<br>§<br>§ | |

## MOTION TO WITHDRAW ADMISSION AND BRIEF IN SUPPORT THEREOF

TO THE HONORABLE JUDGE OF SAID COURT:

Danyal Shaikh, "Plaintiff", by and through his counsel of record, Martin Cirkiel of the law firm of Cirkiel & Associates P.C., files this Motion to Withdraw Admission and Brief in Support Thereof and respectfully shows the Court as follows:

### I.  PROCEDURAL RESUME

1. In Plaintiff's Second Amended Complaint (page 15) he asks for various forms of relief, including readmission into the Texas A&M College of Medicine ("Defendant").

2. At Oral Argument before the Court of Appeals for the Fifth Circuit, counsel for Plaintiff was asked if his client sought readmission to the Texas A&M College of Medicine, and counsel for Plaintiff answered, *at the time*, that Plaintiff did not.

3. Once Plaintiff learned that he won the appeal at the Fifth Circuit, he made it known that he would accept readmission to the Texas A&M College of Medicine medical school as one condition of settlement.

4. As of the filing of this motion, counsel for Defendant has made it known that the Defendant does not want to settle the case and does not even want to consider the readmission of Plaintiff to the Texas A&M College of Medicine.

5. Plaintiff's counsel made it known that Plaintiff would like to amend his complaint in light of the Fifth Circuit's decision to include a request for equitable relief, including readmission to the Texas A&M College of Medicine.

6. Counsel for Defendant made known his opposition to such an amendment, claiming that Plaintiff's counsel's comment at oral argument regarding readmission as a requested remedy in this case foreclosed such reconsideration.

7. Plaintiff's counsel reasonably believes otherwise.

8. During a pretrial conference with the Court on September 12, 2018, the Court directed Plaintiff's counsel to file this pleading as a Motion to Withdraw Admission and briefing in support thereof.

## II. ARGUMENT AND AUTHORITIES

9. Plaintiff's counsel reasonably believes Plaintiff's request to amend his complaint to include, *among other things*, equitable relief is permitted by the law and is in concert with public policy arguments that would permit a jury to consider all forms of relief, not just one chosen by a defendant.

10. *First*, it is important to note what the Fifth Circuit opinion and footnote 9 does and *does not* say. Footnote 9 provides, *in full*:

> This circuit has held that a plaintiff must show "intentional discrimination" to recover compensatory damages in a private suit under Section 504. *Delano-Pyle v. Victoria Cty.*, 302 F.3d 567, 574 (5th Cir. 2002). We have not comprehensively defined "intentional discrimination," but under our caselaw, it includes "purposeful[]" discrimination, *Perez v. Doctors Hosp. at Renaissance, Ltd.*, 624 F. App'x 180, 184 (5th Cir. 2015) (unpublished decision), as well as actions

> *"manifest[ing] some discriminatory animus." <u>Carter v. Orleans Par. Pub. Sch.</u>, 725 F.2d 261, 264 (5th Cir. 1984). Because damages are only one of several types of relief available under the statute, a plaintiff is not required to allege intentional discrimination to state a claim under Section 504. <u>See Laird v. Integrated Res., Inc.</u>, 897 F.2d 826, 841–42 (5th Cir. 1990). At oral argument, however, Shaikh's counsel stated that Shaikh now only seeks relief in the form of damages. As Shaikh has adequately alleged that the College intentionally discriminated against him, we need not decide whether this admission would support dismissal in other circumstances. <u>Cf. Bontkowski v. Smith</u>, 305 F.3d 757, 762 (7th Cir. 2002) ("It would be appropriate and indeed quite sensible for a judge confronting a complaint that does not demand proper relief to ascertain whether the plaintiff wants the improper relief sought in the complaint or nothing; if so, the complaint must be dismissed.").*
>
> *According to the complaint, College officials were aware of the substantial mental limitations Shaikh was experiencing and were also aware that those limitations substantially impaired his ability to sit for the USMLE Step 1. Nonetheless, the College constructively dismissed Shaikh for failing to retake the USMLE Step 1 and twice denied him readmission thereafter. This demonstrates sufficiently intentional discrimination to support a claim for damages. <u>See Delano-Pyle,</u> 302 F.3d at 575–76 (finding intentional discrimination where a police officer was aware that a hearing-impaired individual did not understand his verbal commands but persisted in ineffective verbal communication); <u>Perez,</u> 624 F. App'x at 184–86 ("Intent is usually shown only by inferences."). In addition, the Dean of Admission's statement that Shaikh "was a liability for psychiatric reasons" demonstrates some discriminatory animus.*

11. Counsel for Defendant appears to believe that by specifically noting the statement by Plaintiff's counsel regarding readmission, the Fifth Circuit declined to address at least one point of contention on appeal. This is simply untrue. In fact, quite the opposite is true.

12. As specifically set forth in the first sentence of Footnote 9, in order to recover compensatory damages for a private cause of action under *Section 504 of the Rehabilitation Act*, the plaintiff must show "intentional discrimination".

13. The Fifth Circuit goes on to state that, because damages are only one of several types of relief available under the statute, a plaintiff is not required to allege intentional discrimination to state a claim under Section 504.  In other words, the Fifth Circuit was actually referring to the fact that the burden on the plaintiff to be able to recover damages in a cause of action under *Section*

*504* is quite high—*intentional discrimination*, but that this requirement may not be as stringent to recover other remedies sought under *Section 504*.

14. The Fifth Circuit then states that "[a]t oral argument, however, Shaikh's counsel stated that Shaikh now only seeks relief in the form of damages. As Shaikh has adequately alleged that the College intentionally discriminated against him, we need not decide whether this admission would support dismissal in other circumstances." Again, the Fifth Circuit was clearly pointing out that, in other cases under *Section 504*, where the plaintiff *fails* to adequately allege intentional discrimination, a statement by the same plaintiff—or their attorney—that the plaintiff *only* seeks damages would support dismissal—*because without showing intentional discrimination, a plaintiff cannot recover damages.* But the courts have not required the same difficult showing of intentional discrimination for other remedies under *Section 504*, so—as the Fifth Circuit pointed out in Footnote 9—a plaintiff is not required to show intentional discrimination to recover under *Section 504—only to recover damages.*

15. *Second*, there is no language in the Fifth Circuit opinion that this particular remedy is waived forever, abandoned, or relinquished, as normally is specifically noted by the courts in decisions.

16. Such failure to include this specific language creates a reasonable inference that Plaintiff may amend his complaint to consider equitable relief, including readmission to the Texas A&M University College of Medicine.

17. In fact, it seems reasonable—*maybe even certain*—that the Fifth Circuit would want a jury—particularly a jury dealing with how to craft an appropriate remedy under the facts where taxpayer dollars may be expended—to have as a choice, including one that has cost-saving possibilities.

18. Moreover, Plaintiff's counsel could locate no caselaw that precludes Plaintiff from amending his complaint to seek the remedy of readmission and, *in fact*, caselaw regarding the ability to amend a complaint supports such amendment.

19. Leave to amend is within the sound discretion of the district court. *Lyn-Lea Travel Corp. v. American Airlines, Inc.*, 283 F.3d 282, 286 (5th Cir.), *cert. denied*, 537 U.S. 1044, 123 S. Ct. 659, 154 L. Ed. 2d 516 (2002) [quoting *Quintanilla v. Texas Television, Inc.*, 139 F.3d 494, 499 (5th Cir. 1998)]. Notwithstanding, Federal Rule of Civil Procedure 15(a) makes it clear that the trial court's discretion is somewhat tempered in light of the plethora of caselaw noting that leave to amend should be granted "freely." *Id*. In fact, the language of Fed.R.Civ.P. 15 evidences a bias and predisposition in favor of granting leave to amend.

20. Courts in this circuit have determined that the purpose of the bias in favor of allowing amendment of the pleadings is to assist the disposition of the case on its merits, and to prevent pleadings from becoming ends in themselves. *Dussouy v. Gulf Coast Investment Corp.*, 660 F.2d 594, 598 (5th Cir. 1981).

21. So, while leave to amend should not be granted automatically, the trial court should always err on the side of allowing an amendment. *Addington v. Farmer's Elevator Mutual Insurance Co.*, 650 F.2d 663, 666 (5th Cir. 1981), *cert. denied*, 454 U.S. 1098, 102 S. Ct. 672, 70 L. Ed. 2d 640 (1982); *Laber v. Harvey*, 438 F3d 404, 426-427 (4th Cir. 2006) [amendment is not prejudicial if it merely adds theory of recovery to facts already pled and offered before discovery has occurred]; *Harrison v. Rubin*, 174 F3d 249, 253 (D.C. Cir. 1999) [permitting amendment that clarifies legal theories].

22. Both the United States Supreme Court and the Fifth Circuit have held that "a motion for leave to amend should not be denied unless there is 'undue delay, bad faith or dilatory motive on

the part of the Movant, repeated failure to cure deficiencies by amendments previously allowed [or] undue prejudice to the opposing party by virtue of allowance of the amendment.'" *U.S. ex rel. Willard v. Humana Health Plan of Texas Inc.,* et al., 336 F.3d 375, 386 (5th Cir. 2003) (*quoting Foman v. Davis*, 371 U.S. 178 (1962)). Plaintiff has not acted in bad faith, delayed the proceedings, or had a dilatory motive. Further, granting Plaintiff's leave to amend his complaint would not unduly prejudice Defendant, and to do otherwise would unfairly prejudice Plaintiff and be manifestly unjust.

23.     Generally, the farther along the parties are in a case, the more support a Defendant has for its position opposing a leave to amend. For instance, if a party seeks to amend a complaint after a judgment has been issued, such argument against granting leave to amend has greater weight than when leave to amend is requested earlier in a case. *Leisure Caviar, LLC. v. U.S. Fish & Wildlife Services*, 616 F.3d 612, 615-616 (6th Cir. 2010). There has been no judgment in this cause.

24.     Further, a request to amend a complaint is disfavored when offered right before or during trial. *Labor v. Harvey*, 438 F3d 404, 426-427 (4th Cir. 2006). This case is nowhere near trial.

25.     In addition, leave to amend is significantly scrutinized when discovery is complete. *In Re Rauh*, 119 F.3d 46, 52 (1st Cir. 1997). The parties have not conducted discovery in this case.

26.     Also, leave to amend is disfavored if it would increase the costs of discovery and litigation. *Compania Management Company v. Rooks, Pitts & Poust*, 290 F.3d 843, 849 (7th Cir. 2002). It is highly unlikely that adding the equitable remedy of readmission would cause Defendant to incur additional discovery costs.

27.     In addition, when faced with an amended pleading that adds a new defendant, there is an additional duty to scrutinize the amendment, *Bailey, Bayer CropScience, L.P.,* 563 F.3d 302, 309

(8th Cir. 2009), especially when it would require additional discovery. Plaintiff does not seek to add new parties to the proposed amended complaint.

28.     Currently, there is no Scheduling Order in this case; therefore, permitting Plaintiff leave to amend will not prejudice Defendant in this regard either. *See Laber* at 426-427. (4th Cir. 2006).

### III. <u>CONCLUSION AND PRAYER</u>

29.     For all the reasons set forth above, Plaintiff's Motion to Withdraw Admission and Brief in Support Thereof should be granted.

30.     Plaintiff prays that the Court grant his Motion to Withdraw Admission.

Respectfully submitted,

/s/ *Holly Griffith Terrell*
Mr. Martin J. Cirkiel
State Bar No. 00783829
Federal ID No. 21488
marty@cirkielaw.com

Ms. Holly Griffith Terrell, *of counsel*
State Bar No. 24050691
Federal ID No. 1034278
holly@cirkielaw.com

Cirkiel & Associates, P.C.
1901 E. Palm Valley Blvd.
Round Rock, Texas 78664
(512) 244-6658
(512) 244-6014 Facsimile

***ATTORNEYS FOR PLAINTIFF***

## CERTIFICATE OF SERVICE

 The undersigned hereby certifies that a true and correct copy of the foregoing has been forwarded to the following parties on this 14th day of September 2018 by Notice of Electronic Filing from the Clerk of the Court.

            */s/ Holly Griffith Terrell*
            Holly Griffith Terrell