IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| DANYAL SHAIKH, § | | |
|    *Plaintiff*, § | | |
| § | | |
| v. § | Civil Action No. 4:16-CV-00591 | |
| § | | |
| TEXAS A&M UNIVERSITY § | | |
| COLLEGE OF MEDICINE and § | | |
| MICHAEL K. YOUNG. § | | |
|    *Defendants.* § | | |

**DEFENDANT TEXAS A&M UNIVERSITY COLLEGE OF MEDICINE'S RESPONSE TO PLAINTIFF'S MOTION TO WITHDRAW ADMISSION ON APPEAL**

While his claims were on appeal to the Fifth Circuit, Plaintiff Shaikh narrowed the scope of his case by waiving his claims for non-monetary relief through his counsel's representation during oral argument. Noting this waiver in its opinion, the Fifth Circuit remanded to the District Court a single claim for damages under the Rehabilitation Act. Now, several months after making this waiver and following the Fifth Circuit's judgment, Shaikh asks this Court to disregard this waiver and expand the scope of his sole surviving claim beyond what was remanded. The Court should deny this request.

**A. Shaikh narrowed the scope of his claim before the Fifth Circuit by waiving his request for non-monetary relief, and the Court of Appeals adopted this waiver in its ruling.**

Shaikh's sole remaining claim on remand from the Fifth Circuit is a claim for monetary damages under Section 504 of the Rehabilitation Act of 1973. Shaikh appealed this Court's complete dismissal of his claims. During arguments to the Fifth Circuit, Shaikh's counsel limited the scope of his claims by representing that Shaikh was seeking only monetary damages. Such a statement is a binding judicial admission, as it had the

1

effect of removing issues surrounding non-monetary relief from consideration. *See Martinez v. Bally's Louisiana, Inc.*, 244 F.3d 474 (5th Cir. 2001) (counsel's representation during deposition that plaintiff waived physical injury claims was a judicial admission because it had the effect of withdrawing a fact from contention and releasing the opponent from proof of fact).

The majority opinion incorporated this waiver in its decision to remand the single Rehabilitation Act claim for monetary damages.[1] The appeals court did not address issues

---

[1] This admission is noted on page 14 of the Fifth Circuit's opinion at footnote 9 (dkt. 54), which, in part, clarifies the scope of the claim on remand:

> Shaikh has stated a claim for relief under Section 504 of the Rehabilitation Act. The district court's dismissal of that claim is reversed.[9]
>
> > FN 9: This circuit has held that a plaintiff must show "intentional discrimination" to recover compensatory damages in a private suit under Section 504. *Delano-Pyle v. Victoria Cty.*, 302 F.3d 567, 574 (5th Cir. 2002). We have not comprehensively defined "intentional discrimination," but under our caselaw, it includes "purposeful[]" discrimination, *Perez v. Doctors Hosp. at Renaissance, Ltd.*, 624 F. App'x 180, 184 (5th Cir. 2015) (unpublished decision), as well as actions "manifest[ing] some discriminatory animus." *Carter v. Orleans Par. Pub. Sch.*, 725 F.2d 261, 264 (5th Cir. 1984). Because damages are only one of several types of relief available under the statute, a plaintiff is not required to allege intentional discrimination to state a claim under Section 504. *See Laird v. Integrated Res., Inc.*, 897 F.2d 826, 841–42 (5th Cir. 1990). **At oral argument, however, Shaikh's counsel stated that Shaikh now only seeks relief in the form of damages.** As Shaikh has adequately alleged that the College intentionally discriminated against him, we need not decide whether this admission would support dismissal in other circumstances. *Cf. Bontkowski v. Smith*, 305 F.3d 757, 762 (7th Cir. 2002) ("It would be appropriate and indeed quite sensible for a judge confronting a complaint that does not demand proper relief to ascertain whether the plaintiff wants the improper relief sought in the complaint or nothing; if so, the complaint must be dismissed.").
> >
> > According to the complaint, College officials were aware of the substantial mental limitations Shaikh was experiencing and were also aware that those limitations substantially impaired his ability to sit for the USMLE Step 1. Nonetheless, the College constructively dismissed Shaikh for failing to retake the USMLE Step 1 and twice denied him readmission thereafter. This demonstrates sufficiently intentional discrimination to support a claim for damages. *See Delano-Pyle*, 302 F.3d at 575–76 (finding intentional discrimination where a police officer was aware that a hearing-impaired individual did not understand his verbal commands but persisted in ineffective verbal communication); *Perez*, 624 F. App'x at 184–86 ("Intent is usually shown only by inferences."). In addition, the Dean of Admission's statement that Shaikh "was a liability for psychiatric reasons" demonstrates some discriminatory animus.
> > (emphasis added).

*See also*, Judgment of the Fifth Circuit Court of Appeals (dkt. 53) (affirming, reversing, and remanding

involving the claim for non-monetary relief, and it is unknown how the appeals court's ruling or the scope of the issues reached may have been altered if Shaikh had not withdrawn his request for non-monetary relief from consideration. In any event, the claim remanded by the Fifth Circuit was only a claim for monetary damages, as Shaikh unequivocally, by representation of his counsel, removed non-monetary damages from contention.

### B. Shaikh is judicially estopped from reviving his request for non-monetary relief at the District Court after waiving it at the Court of Appeals.

Judicial estoppel is an equitable doctrine applied by courts to "prevent[ ] part[ies] from assuming inconsistent positions in litigation." *In re Superior Crewboats, Inc.,* 374 F.3d 330, 334 (5th Cir.2004). Its purpose is to "protect the integrity of the judicial process" by "preventing internal inconsistency, precluding litigants from playing fast and loose with the courts, and prohibiting parties from deliberately changing positions according to the exigencies of the moment." *In re Coastal Plains, Inc.*, 179 F.3d 197, 205-206 (5th Cir. 1999) (citing *Brandon v. Interfirst Corp.*, 858 F.2d 266, 268 (5th Cir. 1988) and *United States v. McCaskey*, 9 F.3d 368, 378 (5th Cir.1993)). Judicial estoppel applies where (1) the position of the party to be estopped is clearly inconsistent with its previous one and (2) the court accepted the previous position. *Ahrens v. Perot Sys. Corp.*, 205 F.3d 831, 833 (5th Cir. 2000). Acceptance does not require that the party to be estopped have prevailed on the merits; it only requires that a court "has adopted the position urged by the party, either as a preliminary matter or as part of a final disposition." *In re Superior Crewboats*, 374 F.3d at 335 (citing *In re Coastal Plains*, 179 F.3d at 206). Because judicial

---

to the District Court for further proceedings "in accordance with the opinion of this Court").

estoppel is designed to protect the judicial system, not the litigants, detrimental reliance by the party opponent is not required. *Id.* at 334.

Here, there is no dispute that Shaikh's complete about-face regarding his request for non-monetary relief (in this case, readmission to TAMU's College of Medicine), directly contradicts his representations to the Fifth Circuit. The Fifth Circuit also adopted his waiver of non-monetary damages as a preliminary matter where it incorporated this waiver into its opinion and remanded what it believed to be a claim for only monetary damages under the Rehabilitation Act.[2] Thus, because Shaikh's position in the district court directly contradicts the representation adopted by the Fifth Circuit in its opinion and remand instruction, he is judicially estopped from now seeking to reintroduce an element of relief he waived while his case was under consideration on appeal.

### C. Shaikh should not be permitted to withdraw a judicial admission made on appeal now that he is back in the district court.

In addition to being judicially estopped from reasserting his previously waived claim for non-monetary relief, Shaikh should not be permitted to withdraw this judicial admission pursuant to Texas Rule of Civil Procedure 36.[3] Judicial admissions conserve judicial resources by removing the admitted matters from contention and parties are "entitled to rely on the conclusiveness" of admissions made during the course of a litigation.[4] A court's discretion to permit a party to withdraw an admission is limited to

---

[2] While Shaikh suggests a reading of footnote 9 that would indicate Court did not rely on his representation to reach its decision, the effect of his waiver on the scope and outcome of the Fifth Circuit's decision is unclear, at best.

[3] While Rule 36 specifically addresses admissions made by parties in response to requests for admissions served during discovery, other types of judicial admissions made during the course of litigation—such as statements in pleadings and representations by counsel—have the same binding and conclusive effect of removing facts or issues from contention and relieving parties of the burden of proof on those issues. This is distinguished from evidentiary admissions, which

[4] *Armour v. Knowles*, 512 F.3d 147, 154 n. 13 (5th Cir. 2007); Fed. R. Civ. P. 36.

only those situations where the withdrawal 1) would serve the presentation of the case on its merits, but 2) would not prejudice the opposing party." *In re Carney*, 258 F.3d 415, 419 (5th Cir. 2001). However, even when these two factors are satisfied, the court still has discretion to deny a request to withdraw an admission. *Id.* Commonly, parties move to withdraw inadvertently-made admissions resulting from failure to respond to requests for admissions served under Federal Rule of Civil 36, and, in determining whether to permit withdrawal, courts consider, among other factors, whether the admission was obtained through an honest error and the admitting party's diligence in seeking to correct the admission. *See, e.g., Kingman Holdings, LLC v. Bank of America, N.A.*, 2015 WL 1161768, No. 15-cv-056-DAE, at *2, 3 (W.D. Tex. Sept. 21, 2015).

The admission at issue here is different. It was an affirmative representation made by Shaikh's counsel—not in the district court, but to the Fifth Circuit—that took a form of relief out of contention during the appellate process and resulted in the remand of a narrowed Rehabilitation Act claim for only monetary damages. Shaikh only now seeks to withdraw the admission to expand the scope of his available relief after the part of his claim he did not waive survived appeal.

The withdrawal has no bearing on the merits of the remaining claim on remand, which only involves monetary damages. To withdraw the admission at this stage also prejudices TAMU by broadening the scope of the issues to be litigated on remand, as TAMU would have to plead and litigate affirmative defenses with respect to the viability of readmission as relief. Furthermore, Shaikh did not diligently seek to correct or withdraw his admission while his case was still under consideration by the Court of Appeals. Instead, he waited until remand to reverse course, allowing the representation

to stand uncorrected at the Court of Appeals, and now asks this Court to permit him add back in the claim for relief he voluntarily waived.

## Conclusion

For the reasons stated above, this Court should deny Shaikh's motion to withdraw a judicial admission.

Respectfully submitted.

**KEN PAXTON**
Attorney General of Texas

**JEFFERY C. MATEER**
First Assistant Attorney General

**BRANTLEY STARR**
Deputy First Assistant Attorney General

**JAMES E. DAVIS**
Deputy Attorney General for Civil Litigation

**DAVID A. TALBOT, JR.**
Acting Chief - General Litigation

*/s/ Emily Ardolino*
**EMILY ARDOLINO**
Assistant Attorney General
Texas Bar No. 24087112
Southern District No. 2218021
**ERIC A. HUDSON**
Assistant Attorney General
Texas Bar No. 24059977
Southern District No. 1000759
Attorney-in-Charge
General Litigation Division
P.O. Box 12548, Capitol Station
Austin, Texas 78711-2548
Telephone: (512) 463-2120
Facsimile: (512) 320-0667
*eric.hudson@oag.texas.gov*
*emily.ardolino@oag.texas.gov*

**Attorneys for Defendant**

## CERTIFICATE OF SERVICE

  I hereby certify that a true and correct copy of the foregoing was filed electronically with the Court and delivered by CM/ECF on September 19, 2018 to:

Holly G. Terrell
Martin Jay Cirkiel
1901 E. Palm Valley Blvd
Round Rock, TX  78664-9401
hollyterrelllaw@gmail.com
marty@cirkielaw.com

Mr. Donald G. Henslee
Ms. Chigozie F. Odediran
Law Office of Donald G. Henslee
901 Mopac Expressway South
Barton Oaks Plaza One Suite 300
Austin, Texas 78746
dhenslee@school-law.co
codediran@school-law.co

           */s/ **Emily Ardolino***
           **EMILY ARDOLINO**
           Assistant Attorney General