IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| **DANYAL SHAIKH,** | § | |
| *Plaintiff,* | § | |
| | § | |
| **v.** | § | **Civil Action No. 4:16-CV-00591** |
| | § | |
| **TEXAS A&M UNIVERSITY** | § | |
| **COLLEGE OF MEDICINE et al.,** | § | |
| *Defendant.* | § | |

**MOTION FOR SANCTIONS FOR FAILURE TO PRODUCE DOCUMENTS
PURSUANT TO COURT ORDER**

At the last hearing in this matter, the Court pleaded with Plaintiff Danyal
Shaikh's counsel to "please, ma'am, tell him to get serious."[1] But Shaikh has not
gotten serious. He has violated yet another of this Court's orders to produce the
documents necessary to litigate his claims. No fewer than three times, this Court
has ordered Shaikh to produce his medical and educational records, including
records held by third parties. Each time Shaikh has resisted these orders. And the
few records he has produced undermine his Rehabilitation Act claim and flatly
contradict his representations to the Court. Shaikh's continued failure to comply
with discovery orders has impeded Texas A&M University's ("TAMU") ability to
defend this lawsuit and unnecessarily prolonged these proceedings.

TAMU respectfully asks the Court to put an end to Shaikh's dilatory and
contumacious conduct by (1) ordering Shaikh to pay the cost for Defendant to obtain
records directly from his medical providers and employers located in the United
States; (2) striking Shaikh's damages allegedly arising from TAMU's denial of his

---

[1] Appx.041.

1

applications for readmission unless Shaikh produces complete education records from the medical programs to which he applied or enrolled; and (3) staying TAMU's deadline to depose Shaikh until after TAMU receives all the ordered records.

FACTUAL AND PROCEDURAL BACKGROUND

A.  **Shaikh's disability lawsuit was dismissed in its entirety. On appeal, the Fifth Circuit remanded only a single Rehabilitation Act claim**.

Danyal Shaikh was enrolled in TAMU's College of Medicine from 2010 until he withdrew in April 2014 following a 16-month leave of absence during which time he was required to retake and pass the USMLE Step 1 exam, but failed to do so. The Step 1 exam is the first in a series of professional medical licensing exams, and its passage is universally required by accredited U.S. medical schools—including TAMU—to progress beyond the third year of medical school.[2]

Having failed the Step 1 exam in 2012 and unable or unwilling to retake it as required to progress in TAMU's curriculum, Shaikh chose to withdraw in lieu of dismissal. Though he knew readmission was not guaranteed, he almost immediately reapplied to TAMU for the 2015-2016 academic year. But he was not selected from amongst the many highly qualified applicants. He also reapplied for the 2016-2017 academic year and was similarly denied admission.

After his second failed attempt at readmission in 2016, Shaikh sued TAMU, his treating psychiatrist, the medical school dean, and the university president.[3] Shaikh claims that his inability to take the Step 1 exam was not a product of his own shortcomings, but instead resulted from an undiagnosed, but treatable, thyroid

---

[2] ECF. 74 at ¶¶ 3-5.
[3] ECF. 1, Original Complaint.

2

condition.[4] He claims that by the time he applied to TAMU for readmission in the 2016 academic year, successful treatment of this condition once again rendered him qualified to meet the rigors of medical school, including taking and passing the Step 1 exam, and that his forced withdrawal from the program and TAMU's denial of his reapplications were discriminatory actions based on his disability.[5]

This Court dismissed Shaikh's claims in their entirety on the pleadings.[6] Following appeal, the Fifth Circuit remanded only Shaikh's Rehabilitation Act claim for monetary damages against TAMU.[7] Presently, Shaikh seeks to hold TAMU responsible for the cost of continuing his medical education at other institutions and "[l]ifetime economic damages" caused by alleged reputational harm.[8]

## B. Shaikh has repeatedly failed to comply with this Court's discovery orders.

Starting in 2016, this Court has ordered Shaikh to produce his medical and educational records to TAMU no fewer than three times. The Court first required Shaikh to produce these records in during a June 6, 2016 initial conference.[9] Following appeal and remand, the Court again orderered Shaikh to produce these records (and others) and gave him a deadline of May 21, 2019:[10]

---

[4] ECF. 29 at ¶ 49-50.
[5] ECF. 29 at 1, 7. Shaikh also asserted a race discrimination claim under 42 U.S.C. § 1981, due process claims under 42 U.S.C. § 1983, and a negligence claim against his treating psychiatrist. ECF. 29 at ¶¶ 82-103. All of these claims, along with Shaikh's claims under the Americans with Disabilities Act were dismissed, and these dismissals were affirmed on appeal.
[6] ECF. 48.
[7] ECF. 54; ECF. 69.
[8] ECF. 29 at 110; ECF. 69 (limiting recovery to only monetary damages).
[9] Appx.019-22.
[10] ECF. 73.

3

4.    By May 21, 2019, Shaikh must give A&M:

(A)    a list of every medical and spiritual provider he has ever seen, when, where, and for what;

(B)    his medical records;

(C)    his current medical school records;

(D)    all of his applications to other medical schools – including his application to the school he currently attends – and the schools' responses; and

(E)    all other documents relating to his damages.

Shaikh did not comply with this order. He produced only *some* of his medical records, a few documents relating to his financial aid and tuition to other medical programs, and none of his applications or educational records from other medical schools.[11]

When TAMU raised the issue of Shaikh's non-compliance with this order at a June 27, 2019 status conference, the Court quickly dispelled Shaikh's assertion that he had complied by producing the records "in his possession," stating unequivocally: "No ma'am. They're his records. He needs to get them and give them to A&M."[12] Shaikh's counsel indicated that she understood.[13]

With respect to Shaikh's failure to produce records from his current medical school, Shaikh's counsel blamed this on a "miscommunication," and assured the Court: "I am currently working with my client to get all the records that I can from

---

[11] TAMU's counsel alerted Shaikh's counsel to the deficiencies in this production on June 21, 2019 and, after receiving an insufficient response, again on June 24, 2019. However, counsel's inquiry went unanswered. See Appx.005-6.

[12] Appx.031.

[13] *Id.*

4

the new medical school." She then confirmed: "We are going to get all the records."[14]

Noting that Shaikh had already had three years to gather these documents, the Court generously gave him additional time to produce them.[15] The Court's new order required Shaikh to produce documents in his possession by July 21, 2019 and allowed him until September 20, 2019 to produce documents held by third parties.[16] The order also added the requirement that Shaikh produce records from his employers.[17] Despite this second chance, Shaikh has yet again failed to comply.

## C. In violating the Court's discovery orders, Shaikh unnecessarily delayed these proceedings and permitted his counsel to misrepresent critical facts in this case.

On July 21, 2019, Shaikh again produced only *some* documents responsive to the Court's order. This production included two notable documents that were clearly in Shaikh's possession—but were not produced—as of the Court's first deadline in May 2019. The first document is Shaikh's request to take a medical leave of absence from the anesthesiology program in which he was enrolled in August 2014—the same time Shaikh was certifying to TAMU, as part of his application for readmission, that he was medically cleared to return to school and capable of meeting the program's requirements.[18]

The second document is a letter from his most recent medical school in the Caribbean indicating that, since Fall 2017, Shaikh's "academic progress was weak and [he] was unable to meet the minimum requirement on the Comprehensive

---

[14] Appx.034.
[15] Appx.038; ECF. 78.
[16] ECF. 78.
[17] *Id*.
[18] Appx.004.

Basic Science Exam."[19] This letter, dated February 12, 2019, indicated that Shaikh was dismissed from the program for failure to meet minimum academic requirements.[20]

These documents are critical evidence that, contrary to his allegations, Shaikh was ***not*** qualified to return to TAMU at the time he applied for readmission, and they dispel his asserted entitlement to economic damages relating to his subsequent enrollment in "less prestigious" medical schools. More disturbingly, Shaikh has allowed his counsel to maintain this lawsuit based on apparently false allegations and permitted them to repeatedly misrepresent to the Fifth Circuit and this Court that Shaikh was qualified to meet the rigors of TAMU's medical program and that he was currently doing well in his Caribbean medical school.[21]

Additionally, since Shaikh's first failure to comply with the Court's orders in

---

[19] Appx.002.

[20] Appx.002-3.

[21] Shaikh's counsel has on multiple occasions since 2017 represented that Shaikh has recovered from the medical condition that rendered him unable to meet TAMU's requirements and is doing well in his Caribbean medical school:

Nov. 9, 2017, *Oral Argument to Fifth Circuit*:
MR. CIRKIEL: He is in med school and he is doing quite well. ECF. 69 (quoting Fifth Circuit Oral Argument Transcript).

Apr. 10, 2019, *Status Conference*:
MS. TERRELL: I think something very pertinent in the facts is at this point my client is being treated properly and he is able and willing and ready to perform these functions. So he has gotten better. Appx.025.
. . .
MS. TERRELL: [Shaikh's current medical school] is out of the country. I can't recall the name of it right now. But he had to go outside the U.S.
THE COURT: That's good. I say that's good because he is getting ahead.
MS. TERRELL: He is doing very well. Appx.026.

Jun. 27, 2019, *Status Conference:*
MS. TERRELL: He still has a disability, but he is being treated, so he is able –
THE COURT: Ma'am, he is not healed from what he claims made it impossible for him to pass the test?
MS. TERRELL: No. However, he is – he has figured out, with the help of medical professionals, what the issue is and is being treated so that he is able to take the test and go to medical school. Appx.030.

May 2019, TAMU's counsel has repeatedly attempted to confer with his lawyers about the deficiencies in their production but has received inadequate or nonexistent responses.[22] Despite clearly outlining the records and other documents TAMU expected to receive pursuant to the Court's most recent order and seeking confirmation that Shaikh was taking steps to procure these documents by the September 20 deadline,[23] Shaikh's attorneys never provided such confirmation. TAMU received no documents from Shaikh on September 20. Three days later, TAMU's counsel inquired as to the status of this production but has received no response as of the date of this filing.[24]

### STANDARD FOR IMPOSING SANCTIONS

Rule 37 of the Federal Rules of Civil Procedure empowers courts to issue "just" sanctions against a party that disobeys its discovery orders. Fed. R. Civ. P. 37(b)(2)(A); *Chilcutt v. U.S.*, 4 F.3d 1313, 1319–20 (5th Cir. 1993) (Rule 37 "authorizes courts to appropriately respond and deal with parties which have disobeyed discovery orders."). Such sanctions include "prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence," "striking pleadings," "staying further proceedings until the order is obeyed," and "dismissing the action," among others. Fed. R. Civ. P. 37(b)(2)(A).

---

[22] See June 24, 2019 email regarding outstanding issues with Shaikh's production, which went unanswered. Appx.005-6; August 28 and September 6, 2019 emails regarding missing documents, which also went unanswered. Appx.008-10; September 23, 2019 emails inquiring as to status of September 20, 2019 production, also unanswered. Appx.013.

[23] Appx.009-10.

[24] Appx.013.

Courts consider the following factors in fashioning Rule 37 sanctions: "(1) the reasons why disclosure was not made; (2) the amount of prejudice to the opposing party; (3) the feasibility of curing such prejudice with a continuance of the trial; and (4) any other relevant circumstances." *United States v. Garza,* 448 F.3d 294, 299–300 (5th Cir. 2006).  Though sanctions must be just and relate to the particular claim at issue in the discovery order, sanctions short of the most serious—striking pleadings, dismissal, or default—do not require a finding of willfulness. *Chilcutt*, 4 F.3d at 1320, 1322 n. 23; see also *Smith & Fuller, P.A. v. Cooper Tire & Rubber Co.,* 685 F.3d 486, 488 (5th Cir. 2012).

But the Court need not rely exclusively on Rule 37 in order to fashion sanctions. Trial courts are vested with the inherent power to "to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Woodson v. Surgitek, Inc.,* 57 F.3d 1406, 1417 (5th Cir. 1995) (citing *Link v. Wabash R. Co.,* 370 U.S. 626, 630 (1962)). This power includes imposing sanctions for a party's refusal to obey the court's orders. *Parson v. Wilmer Hutchins Indep. Sch. Dist.*, No. 03-CV-0492B, 2005 WL 396292, at *2 (N.D. Tex. Feb. 17, 2005), *aff'd*, 145 F. Appx. 944 (5th Cir. 2005). "[I]n order to ensure swift and effective justice, orders of the Court must be obeyed when issued, and sanctions for violating such orders must be imposed without an explicit prior warning or a litany of precautionary instructions." *Riggs v. City of Pearland*, 177 F.R.D. 395, 402 (S.D. Tex. 1997).

## JUSTIFICATION FOR SANCTIONS

This motion involves Shaikh's repeated disregard of the Court's orders that

he produce his medical records, educational records, and other records relating to his damages. This is a disability case. As such, Shaikh's medical conditions, diagnoses, and treatment—as evidenced by his medical records—are central to the questions of whether he was disabled and whether he was "otherwise qualified" to participate in TAMU's medical program. *Shaikh v. Texas A&M University College of Medicine, et. al.*, 739 F. App'x 215, 219-221 (5th Cir. 2018) (analyzing Rehabilitation Act claim elements of whether Shaikh was an "individual with a disability" and "otherwise qualified" for TAMU's medical program in motion to dismiss posture).

Shaikh's educational records—specifically, his records from the medical programs in which he enrolled while on leave from TAMU and after his withdrawal—are important evidence of whether Shaikh was "otherwise qualified" to be in TAMU's medical program and whether he is entitled to damages from TAMU for the disruption of his medical training. Critically, Shaikh alleges that his undiagnosed pituitary condition was the sole reason he was unable to meet the Step 1 qualification and that he was "fit to reenter medical college" at the time TAMU denied him readmission.[25] Despite being in possession of critical evidence surrounding his qualifications and damages and having constructive possession of his medical and educational records, Shaikh failed to produce these documents when the Court ordered him to do so on May 21, 2019. Further, when this Court generously allowed Shaikh additional time to produce the documents, he once again failed to substantially comply.

---

[25] ECF. 29 at 1.

Still unproduced are the following:[26]

- Complete medical records with business records affidavits from the following medical providers:
  - Susan L. Sampson
  - Sumera Salamat
  - Patrick Ray
  - Kathlyn Robyler
  - Emily Worthy
  - Theresa Quinn
  - Michael Brown
  - Lisa Davis
  - Nicholas Bryant
  - Brian Jiang

- Educational records with business records affidavits from the following institutions:
  - Case Western Reserve University
  - Trinity Medical Sciences University
  - American University of Antigua

- Employment records for positions Shaikh held since enrolling in TAMU with business records affidavits.

- Additional records likely to be in Shaikh's direct possession:
  - Documents re Shaikh's appeal of his dismissal from Trinity Medical Sciences University
  - Documents re Shaikh's medical leave from Case Western Reserve, including any medical providers letters or certifications that form the basis for this leave
  - Letter of evaluation from Margaret Basarab
  - Applications to Trinity, American University of Antigua, Avalon University School of Medicine, Medical University of Americas, UTRGV, Drexel University College of Medicine, and Southern Illinois University
  - Response on applications and advance standing requests from UTRGV, Drexel, American University of Antigua, Southern Illinois University, Quinnipiac University School of Medicine
  - Attachments to email from Avalon University (Shaikh 354-55)

Shaikh is in violation of two Court orders for his failure to produce these

---

[26] The listed documents are those TAMU has reason to believe exist. There may be other unknown documents or records that are subject to the Court's discovery order but have not been produced.

documents. And from the limited production that Shaikh has provided, it is increasingly clear that they are critical to TAMU's defense of this case. At the June 27, 2019 status conference, this Court made it abundantly clear what Shaikh was expected to produce. Additionally, despite representing to the Court that Shaikh would produce the documents, Shaikh's counsel has failed to respond to TAMU's inquiries into the status of the production and has given no indication that the documents are forthcoming.

For these reasons, TAMU respectfully asks the Court to issue the following sanctions under Rule 37 and the Court's inherent powers to enforce compliance with its orders:

(1) order Shaikh to pay the cost for TAMU to obtain records directly from his medical providers and employers located in the United States;

(2) strike Shaikh's damages allegedly arising from TAMU's denial of his applications for readmission should Shaikh fail to produce all his educational records from the medical programs to which he subsequently applied or enrolled;[27]

(3) stay TAMU's current October 16, 2019 deadline to depose Shaikh until after TAMU receives all the ordered records and documents; and

(4) order any other relief the Court deems fit to address Shaikh's multiple violations of its discovery orders and compensate TAMU for its costs in seeking the Court's relief.

---

[27] TAMU notes that the Court *may*, at its discretion, provide Shaikh with yet another opportunity to produce the ordered documents prior to dismissing his damages related to those documents, but that it need not do so given that Shaikh is a repeat offender of this Court's orders and the withheld documents appear likely to refute, rather than support, his claims for such damages. *Riggs*, 177 F.R.D. at 402 (S.D. Tex. 1997) ("[S]anctions for violating [court] orders must be imposed without an explicit prior warning or a litany of precautionary instructions.")

CONCLUSION

Shaikh has either failed to preserve or refused to produce documents despite being twice ordered to do so by this Court. And it appears the withheld documents may disprove Shaikh's key allegations and refute his alleged entitlement to damages from TAMU. Shaikh's refusal to comply with the Court's discovery orders has unnecessarily delayed the proceedings and allowed him to mislead TAMU, the Court, and perhaps even his own attorneys about critical facts in this case. TAMU agrees that it is time for Shaikh to get serious about this lawsuit and respectfully seeks the Court's assistance in ensuring that he does so.

Respectfully submitted.

KEN PAXTON
Attorney General of Texas

JEFFREY C. MATEER
First Assistant Attorney General

DARREN L. MCCARTY
Deputy Attorney General for Civil Litigation

THOMAS A. ALBRIGHT
Chief, General Litigation Division

/s/ Emily Ardolino
EMILY ARDOLINO
Attorney-in-Charge
Southern District ID No. 2218021
Texas Bar No. 24087112
Assistant Attorney General
Office of the Attorney General - 019
General Litigation Division
P.O. Box 12548, Capitol Station
Austin, Texas 78711
(512) 463-2120
(512) 320-0667 fax

emily.ardolino@oag.texas.gov
*Attorneys for Defendant*

### CERTIFICATE OF CONFERENCE

I hereby certify that I attempted to confer with Shaikh's counsel, Martin Cirkiel and Holly Terrell, regarding the issues raised in this motion by email on June 24, 2019, August 28, 2019, September 5-6, 2019, and September 23, 2019. This correspondence is attached at Appx.005-16. Additionally, on at least one occasion in late-August 2019, I also attempted to confer with Ms. Terrell by phone but received only an email response on September 6, 2019 indicating that she was "working on [it]." Appx.010.

/s/ Emily Ardolino
EMILY ARDOLINO
Assistant Attorney General

### CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was filed electronically with the Court delivered by CM/ECF and by e-mail on September 27, 2019 to:

Martin J. Cirkiel
Holly Griffith Terrell
Cirkiel & Associates, P.C.
1901 E. Palm Valley Blvd.
Round Rock, Texas 78664
*Plaintiff's Attorneys*

/s/ Emily Ardolino
EMILY ARDOLINO
Assistant Attorney General